WILLIAM J. FARNSWORTH *vs.* INHABITANTS OF MELROSE.

Middlesex.    Jan. 9. — March 7, 1877.   COLT & AMES, JJ., absent.

. selectman cannot maintain an action against a town for official services, for which no compensation has been provided, either by statute, or by express contract or vote of the town; and evidence of a practice in the same or other towns to pay for like services affords no proof of such a general or lawful usage as will establish a legal liability.

CONTRACT upon an account annexed for services and expenses as a selectman and overseer of the poor.

At the trial in the Superior Court, before *Putnam*, J., it was admitted by the plaintiff that the town had made no express agreement to pay him for such services, and that no salary was attached to his office. The plaintiff contended, and asked the judge to rule, that the law would imply a promise to pay him, and offered to show a custom and usage in the defendant town and in other towns in Massachusetts to pay such officers a reasonable compensation for their services. The judge ruled that such evidence was immaterial, and that the plaintiff could not recover for his services. The defendant assented that the plaintiff might have a verdict for the amount of his expenses while rendering such services, and the jury, under the direction of the judge, returned a verdict for the plaintiff for the amount of such expenses.

The judge reported the case, by agreement f parties, for the determination of this court. If the ruling was correct, judgment was to be entered upon the verdict; otherwise, the case to stand for a new trial.

*A. V. Lynde*, for the plaintiff.

*C. R. Train*, for the defendant.

GRAY, C. J. The statutes of the Commonwealth are framed upon the theory that those who are chosen by their fellow citizens to be the selectmen of a town will accept and execute the office from a sense of duty to the public, or of the honor attending it, and not for pecuniary reward; and they have provided for compensation in but a few cases, of peculiar services, not incidental to the ordinary administration of the prudential affairs of the town, as, for instance, in relation to the election of representatives, to the location of posts and wires of telegraph companies, and to the assessment of damages for injuries done by dogs. Gen. Sts. *c.* 8, § 23; *c.* 64, § 5. St. 1867, *c.* 130, § 10.

For official services of the selectmen for which no compensation has been provided by statute, or by express contract or vote of the town, no payment can be recovered; and the evidence offered in this case, of a practice in the same or other towns to pay for like services, affords no proof of such a general and lawful usage as will establish a legal liability. *Sikes* v. *Hatfield*, 13

Gray, 347.  *Sawyer* v. *Pawners' Bank,* 6 Allen, 207, 209.  *Benoit* v. *Conway,* 10 Allen, 528.  *Boyden* v. *Brookline,* 8 Vt. 284.
Judgment on the verdict.