## HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, WINDHAM, LITCHFIELD, MIDDLESEX AND TOLLAND,

### ON THE FIRST TUESDAY OF OCTOBER, 1885.

Present,

PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, Js.

---

### THE SHALER & HALL QUARRY COMPANY *vs.* CALVIN C. CAMPBELL AND ANOTHER.

Under the rule of court, that where a case, referred to an auditor or committee, runs from term to term by continuance, such auditor or committee "will be re-appointed without a formal motion by either party, and the clerk may make the necessary entries therefor without any special order of the court," the omission of the clerk to make the entry on his docket does not affect the case. The re-appointment, is made by the law, and the clerk's omission is only a clerical one, that can be corrected at any time afterwards.

But a re-appointment is not necessary. The case stands referred to such auditor or committee until the appointment is directly or impliedly revoked by the court.

Questions of adjournment, before auditors and committees, are, as in courts, a matter of discretion; and in the absence of conduct that indicates corruption or fraud, or a prejudice or unfairness that are equivalent to fraud, their action in the matter is final and cannot be reviewed.

[Argued October 6th—decided October 23d, 1885.]

ASSUMPSIT, upon the common counts; brought to the Superior Court in Middlesex County. The case was referred to a committee, who heard it and made his report, finding the issue for the plaintiffs. The defendants remonstrated against the acceptance of the report. The court (*Phelps, J.*) over-

ruled the remonstrance, accepted the report, and rendered judgment for the plaintiffs. The defendants appealed to this court. The case is sufficiently stated in the opinion.

*A. B. Crafts*, for the appellants.

*S. L. Warner*, for the appellees.

GRANGER, J.—This case is an action of assumpsit, with the common counts, brought under the old practice. It was brought to the Superior Court in 1872, was continued from term to term until 1878, when it was referred to C. C. R. Vinal, Esq., as a committee, who heard the case in February, 1885, and made his report to the court then in session. The defendants remonstrated against the acceptance of the report, but the court overruled the remonstrance, accepted the report, and rendered judgment for the plaintiffs. The defendants appealed to this court.

The reasons of appeal are substantially those set up in the remonstrance, and though put in a variety of forms, may be stated briefly as follows:—

1. That the committee had no authority to act.

2. That the committee erred in refusing the defendants' request for an adjournment.

3. That the committee erred in receiving evidence.

As to the first point. The finding is that the committee, after the first appointment in 1878, which it is admitted was in all respects a legal one, " was not subsequently re-appointed, and no entry was made on the written docket of the court after that term showing that he had been re-appointed, but his name was regularly entered as committee in the printed term dockets of each succeeding term."

The printed term docket of which every lawyer practicing in that court had a copy, gave notice to all parties interested of the fact that Mr. Vinal was a committee in the case and was all the information needed by either party to enable him to take measures for having the case heard by the committee. But without relying on this docket as

taking the place in law of the regular permanent docket, or as giving validity to the continued tenure of the committee-ship by Mr. Vinal, it is sufficient that he had been in the first instance legally appointed, and that he had not been removed by the court or superseded by any other appointee, or the case disposed of in any other way. Where an auditor or committee is once legally appointed, and the case runs from term to term by continuance, the auditor or committee remains such and the case continues to stand referred until the appointment is directly or impliedly revoked by the court. An actual re-appointment at every term of the court is not necessary. The failure of both parties to bring the matter to the attention of the court is an acquiescence on the part of both in the continuance of the auditorship or committeeship. A rule of court was adopted in 1879 that in a suit referred to an auditor or committee "such auditor or committee will be re-appointed without a formal motion by either party and the clerk may make the necessary entries therefor without any special order of the court." There had been a rule substantially like this adopted in 1859, and for many years before this had been the general practice in the courts of the state.

It is claimed on the part of the defendants that this rule implies that unless the clerk makes the entry of re-appointment in his docket there is no proof of re-appointment and consequently no re-appointment, the rule authorizing the clerk to enter such re-appointment on his docket without action on the part of the court, but not dispensing with such entry by the clerk. But the case is one of a re-appointment made by the law, and simply of a failure of the clerk to enter up the re-appointment. But such a clerical omission can always be corrected, and the clerk would have the right to-day to supply the needed record. There is nothing in this reason of appeal.

As to the second reason. It is a well settled rule that all questions of adjournment, or of the continuance of a case, where there is no provision of statute determining the matter, are questions for the discretion of the court and

can not be made the subjects of error. And the same rule applies to auditors and committees. And it does not affect the case that the question in the particular case is one of grave importance to the party asking for an adjournment or delay, and that he seems to have been harshly treated in refusing it. In the absence of conduct on the part of the triers that indicates corruption or fraud, or a prejudice or unfairness that are equivalent to fraud, their action in the matter is final and can not be reviewed.

As to the third reason. It appears that the claim of the plaintiffs did not depend on the accuracy of the entries on their account book, regarded as original entries. They presented their claim in a bill of particulars, and the witness was asked whether that was a correct statement and whether the goods therein mentioned were actually delivered. There can be no objection to this evidence.

In regard to the evidence claimed by the defendants, that a receipt was given for payment made for some of the articles mentioned in the bill of particulars, the court finds expressly that it did not appear that the receipt was for the same articles.

There is no error.

In this opinion the other judges concurred.