THE BOROUGH OF WALLINGFORD *vs*. HENRY F. HALL.

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A borough by-law passed under legislative authority prohibited the open-
ing or making of any excavation in, upon, or under any borough street
or highway, and provided a pecuniary forfeiture for its violation. *Held*
that such by-law was a penal statute within the intent and meaning of
§ 1379 of the General Statutes, which declares that no suit for any for-
feiture, upon any penal statute, shall be brought, but within one year
next after the commission of the offense.

The "opening or making any excavation" without lawful authority, is
not in its nature such a continuous act that the defendant could be
sued under the by-law, merely for allowing the excavation, previously
made by him, to remain.

Where the plaintiff's entire evidence showed that the single offense charg-
ed was committed so long previous to the bringing of the action as to
be barred by the statute of limitations, which the defendant had plead-
ed as one of his defenses, a judgment rendered for the defendant upon
his motion, as in case of nonsuit, gives the plaintiff no just cause of
complaint.

[Argued June 12th—decided June 29th, 1894.]

ACTION to recover a forfeiture for the alleged violation of
a by-law of the plaintiff borough; brought before a justice of
the peace and thence by defendant's appeal to the Court
of Common Pleas for New Haven County, where the case
was tried to the jury before *Hotchkiss, J.* After the plaintiff
had introduced its evidence and rested, the defendant moved
for judgment as in case of nonsuit which the court granted,
and upon its refusal to set aside such judgment the plaintiff
appealed. *No error*.

The case is sufficiently stated in the opinion.

*Tilton E. Doolittle*, for the appellant (plaintiff).

1. This by-law is not a penal statute. It is a mere regu-
lation made to govern the inhabitants of a particular locality.
It has no force outside of the borough. On the other hand
a statute is uniform in its operation throughout the State

and obligatory upon all persons within its borders. The General Assembly gave the court of burgesses of Wallingford power to make by-laws but not statutes. Charter, § 48. A by-law has been held not to be a penal statute in the following cases: *Lewiston* v. *Procton*, 23 Ill., 533; *Quincy* v. *Ballance*, 30 Ill., 185; *Wayne Co.* v. *Detroit*, 17 Mich., 399, 400; *People* v. *Detroit*, 18 Mich., 465. This statute of limitations existed long before there was a city in Connecticut.

II. The opening was continuous from its very nature, increasing and enlarging from day to day as the earth fell in, enlarging its width nine inches from the time it was first dug, until the commencement of the suit.

In the case of *State* v. *Brown*, 16 Conn., 54, the structure was not erected by the defendant, but by another person and was complete by itself and finished at the time of its erection, and in that case had been erected thirty years before the suit was brought and during that period had neither been enlarged nor diminished. The defendant had simply bought the land on which another person had thirty years before erected a building.

The excavation in this case widened day by day and endangered the public travel more and more.

Among the more recent cases holding that the statute of limitations is not a bar are *Wells* v. *N. H. & N. Co.*, 151 Mass., 46; *Galway* v. *M. E. R. Co.*, 128 N. Y., 132. The offense is not completed but is continuous so long as the excavation keeps widening and increasing. The statute does not begin to run until the offense is complete.

*Charles Kleiner*, for the appellee (defendant).

I. The action is for a forfeiture on a penal by-law. The by-law in terms provides that any one violating it "shall forfeit and pay" not exceeding a certain sum. Any law which imposes a penalty for the doing or omitting of an act is penal. *Hallenbeck* v. *Getz*, 63 Conn., 387.

The word statute is undoubtedly used in this section in its ordinary sense, as synonymous with law. And in ordinary cases the correct construction is given to a statute by

reading the words in which it is expressed in their general and popular sense. *Higley* v. *Bunce*, 10 Conn., 441; *Hallenbeck* v. *Getz*, 63 Conn., 388.

The plaintiff had no power to make any by-law except as delegated to it by the legislature, and this court has recently determined that the power of "local legislation may thus be lawfully delegated." *State* v. *Carpenter*, 60 Conn., 103.

Is not a penal by-law made "in pursuance of power conferred" by a public statute, a penal statute within the spirit as well as the letter of the section now in question? *State* v. *West*, 42 Minn., 152.

A by-law of a municipal corporation is a local law, enacted by public officers by virtue of legislative power delegated to them. When authorized, it has the force, in favor of the municipality, and against all persons coming within its territory, of laws passed by the legislature of the State. 1 Dillon on Municipal Corp., § 308; Morawetz on Corporations, §§ 491, 596; Anderson's Law Dict., "Statute;" *Robinson* v. *Mayor of Franklin*, 34 Am. Dec., 632; *Wiggin* v. *New York*, 9 Paige Ch., 23; *St. Johnsbury* v. *Thompson*, 59 Vt., 305; *Com.* v. *Plaisted*, 148 Mass., 382; *State* v. *Keenan*, 57 Conn., 288; *Com.* v. *Gay*, 5 Pick., 44.

II. The complaint is not based on the theory that a recovery should be had for *allowing* the excavation to remain. If plaintiff recovered on this complaint *for allowing* the excavation to remain, a judgment thereon would not protect defendant from another action for the same cause. *Taylor* v. *Keeler*, 50 Conn., 349; *Sanford* v. *Peck et al.*, 63 Conn., 491. But the by-law does not reach such a case. It prohibits the "opening or making" an excavation only. When the excavation is finished the act is complete and the statute then begins to run. The law concerning *continuing* nuisances and repeated trespasses does not apply to the acts prohibited by the by-law in question. Penal ordinances are strictly construed and apply only to the offense distinctly denounced. Any doubt or ambiguity arising from the terms used must be resolved in favor of the public. *Pratt* v. *Litchfield*, 62 Conn., 118; *Krickle* v. *Commonwealth*, 1 B. Monroe, 361;

1 Swift's Dig., *12. The by-law prohibits the *making* of an excavation ; the plaintiff seeks to recover a penalty for *leaving* it long after it was made. Therefore the defendant cannot be held liable under the by-law, whether liable in some other form of action or not. *State* v. *Brown,* 16 Conn., 57 ; *Stamford* v. *Studwell,* 60 Conn., 90, 91.

FENN, J. The charter of the borough of Wallingford, which is a public act, empowers its court of burgesses to make and enforce by-laws upon certain subjects, one of which is the " excavation or opening of the streets or highways for public or private purposes. " Pursuant to such authority, said court of burgesses passed a by-law " prohibiting the opening or making of any excavation, vault or cellar, in, upon, or under any street or highway in said borough, without the consent of the warden or court of burgesses," and providing that " every person violating said by-law shall forfeit and pay, for such offense, a sum not exceeding twenty-five dollars, for the use of said borough." This action was brought for a violation of such by-law, the alleged breach being an excavation made by the defendant in the highway adjacent to a tract of land owned by him.

The complaint was made returnable before a justice of the peace. The writ was dated November 18th, 1892, and served November 19th, 1892. It was alleged that the defendant made an unauthorized excavation in May, 1891, "and has ever since allowed and caused said excavation to remain ; " and that " by reason of said offence of the defendant in making said excavation, the defendant has forfeited and become bound to pay to said borough the sum of twenty-five dollars, as provided by said by-law."

In the Court of Common Pleas, to which the action was appealed by the defendant, to the defense of denial the defendant added, as a second defense, the limitation of General Statutes, § 1379, which provides that : " No suit for any forfeiture, upon any penal statute, shall be brought, but within one year next after the commission of the offense." It was alleged that " the offense was not committed within one

year next before the bringing of this action." To this de-
fense the plaintiff demurred, and the court overruled the de-
murrer. The plaintiff then denied the matters contained
in said second defense, and upon the issues made up by the
defendant's denial of the complaint and the plaintiff's denial
of the second defense, the case was closed to the jury. Up-
on the trial, the plaintiff having introduced its evidence and
rested its case, the defendant moved for judgment, as in
case of nonsuit, which the court granted, upon the ground
" that the plaintiff proved that the excavation in question
was made, if ever, in May, 1891, and the file shows that the
suit was not brought until November 19th, 1892, more than
one year later, thus bringing it within the statute of limita-
tions." The Court of Common Pleas having denied a mo-
tion to set aside said nonsuit, the plaintiff appealed to this
court, assigning as reasons of appeal the overruling of the
plaintiff's demurrer, and the granting and refusing to set
aside the nonsuit.

It was conceded upon the argument that these reasons
presented substantially the same question ; for although, as
was said by this court in *Brown & Brothers* v. *Brown,* 56
Conn., 252, a statute of limitations " is wholly a matter of
defense, and one that constituted no part of the plaintiff's
case ; " yet, if the court correctly ruled upon the demurrer,
and the evidence produced by the plaintiff showed that the
only offense claimed was committed so long previous to the
bringing of the action as to be barred, it needed no further
evidence upon the part of the defendant to establish this
fact. He might have rested when the plaintiff did, and
then, as any other verdict than one for the defendant " would
inevitably be set aside upon review," such a verdict might
have been directed by the court. *Peoples' Savings Bank*
v. *Borough of Norwalk,* 56 Conn., 556. The plaintiff bor-
ough, therefore, does not, and could not claim that the
granting of a nonsuit injures it, providing the law and facts
required that a verdict be returned against it. But it is
claimed that the law and facts did not so require, and this
upon two grounds : *First,* that the by-law in question is not

a penal statute ; and *second*, that the complaint alleged and the evidence showed, that the defendant had ever since the excavation was made, allowed it to remain open, and that in consequence the offense was continuous; that in fact the excavation had increased as the earth fell in, enlarging its width nine inches from the time it was first dug, until the commencement of the suit.

We think the court below correctly held the by-law to be a penal statute, within the intent and meaning of General Statutes, § 1379. That it is penal cannot be doubted. *Hallenbeck* v. *Getz*, 63 Conn., 387. That it derives its force, as the plaintiff itself states in its complaint, from action taken in pursuance of power conferred by the General Assembly, is also manifest. Such action is in legal contemplation that of the General Assembly whose power enabled it. The enactment is therefore law, statutory in its nature, and as such within the purpose, and so properly embraced within the fair construction, of the language of the statute of limitations in question.

We think also the court correctly ruled upon the other point. The law concerning continuing nuisances and trespasses is, in the abstract, as the plaintiff claims. But it does not apply in this case. The complaint is not adapted to recovery on such ground. Even if it were, the by-law in question would not support it. It is exclusively confined to the opening or making of an excavation without lawful authority. That is not in its nature a continuing act. The meaning of the provision seems clear and certain. But if it were not, the defendant could not be held liable upon construction fairly doubtful of ambiguous language. *Pratt* v. *Litchfield*, 62 Conn., 118.

There is no error in the judgment complained of.

In this opinion the other judges concurred.