CHARLES H. COOK vs. THE M. STEINERT AND SONS
COMPANY.

First Judicial District, Hartford, March Term, 1897. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The expression of its opinion on the weight of evidence is within the dis-
cretion of the trial court in charging the jury, provided the decision of
the question is left to them and the charge shows no intention upon
the part of the judge to direct or control them in the determination of
facts.
The charge in the present case considered and *held* not to be misleading or
an invasion of the domain of the jury.

[Submitted on briefs Mar. 2d—decided Mar. 23d, 1897.]

ACTION to recover damages for the alleged wrongful seiz-
ure and removal of a piano in the possession of the plaintiff,
brought to the Court of Common Pleas in Hartford County
and tried to the jury before *Calhoun, J.;* verdict and judg-
ment for the plaintiff, and appeal by the defendant for al-
leged errors in the charge of the court. *No error.*

The complaint alleges the taking and conversion of a piano,
in violation of a conditional contract of sale. By the terms
of the contract the title to the piano delivered by the defend-
ant to the plaintiff, was to remain in the defendant until the
price ($285) should be paid in instalments by the plaintiff;
upon the failure of the plaintiff to pay an instalment when
due, or upon removal of the piano by him without consent
of the defendant, the defendant had the right to re-take the
piano, and the plaintiff forfeited all instalments he had pre-
viously paid. After the plaintiff had paid $245, the defend-
ant, claiming that the plaintiff had removed the piano without
permission and had failed to pay the instalments as agreed,
took possession of the piano. The plaintiff relied on a waiver
by the defendant, both as to the payment of instalments and
as to the removal of the piano. The fact of waiver was sub-
stantially the only question submitted to the jury. As to
this fact the testimony was conflicting. No requests to

charge were made by either party. The appeal assigns error on the part of the trial court, first, in charging the jury as to the weight and effect of the testimony ; second, in the statement of the rule of damages ; and third, because the charge as a whole is misleading and prejudicial to the defendant.

*William S. Case* and *Siegwart Spier*, for the appellant (defendant).

*Joseph L. Barbour*, for the appellee (plaintiff).

HAMERSLEY, J. The court charged the jury clearly and correctly as to the law of waiver, and that the burden of proof was upon the plaintiff claiming under the waiver, and that the proof should be clear and satisfactory. After a review of very conflicting testimony the court told the jury that they must look at all the circumstances, look at the character of the witnesses, their interest in the case, or their interest in the parties in the case, and determine the facts. In commenting on the testimony the court did, inferentially at least, as claimed by the defendant, express its opinion on the weight of evidence. This is not error, so long as the judge submits the decision of the question to the jury, and his charge shows that he does not intend to direct or control them in the determination of facts. As was said by JUDGE STORRS in *Church* v. *Rouse*, 21 Conn. 160, 167, such a course "is competent in all cases, and in many highly expedient."

We have carefully considered the charge as a whole, and in reference to the portions claimed as expressing the judge's opinion upon matters of fact in such a way as to present the evidence to the jury in an unfair light; and think it unnecessary to refer to it in detail. While it may be possible for a trial court to so exercise its discretion in indicating its opinion upon the weight of evidence, as to justify the interposition of this court, yet the occasion and manner of such comments are essentially matters of discretion. In the present case, whatever foundation there may be for the defendant's criticism of the language of one or two sentences as not

felicitous, we fail to see that the charge was liable to mislead, or invaded the jury's domain of finding the facts without direction from the court. The case is clearly governed by former decisions. *Church* v. *Rouse, supra; Comstock's Appeal*, 55 Conn. 214, 223 ; *Setchel* v. *Keigwin*, 57 id. 473, 478 : *State* v. *Duffy*, ibid. 525, 529 ; *Morehouse* v. *Remson*, 59 id. 392, 401 ; *State* v. *Rome*, 64 id. 329, 338.

The other alleged errors were not claimed by the defendant upon argument.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.