OLIVER A. BECKWITH *vs.* THE TOWN OF FARMINGTON.

First Judicial District, Hartford, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A citizen who accepts a position of honor and trust for the benefit of his fellow-townsmen is not entitled to payment for services rendered by him in the discharge of the public duty thus voluntarily assumed, unless provision for payment has been made by law or by contract with the municipality.

This rule applies to services rendered by a building committee, duly appointed in town meeting, in securing plans and specifications for a townhall, in awarding the contract, and in superintending the erection of the building.

In the present case the trial court having applied the rule above stated to the evidence, nonsuited the plaintiff and denied his motion to set aside such judgment. *Held* that no error was committed by the trial court in applying the rule and in ordering the nonsuit.

Argued October 6th—decided November 11th, 1904.

ACTION to recover for services rendered in superintending the erection of a townhall, brought to the Superior Court in Hartford County where the plaintiff was nonsuited upon motion of the defendant in a trial to the jury before *Case, J.,* and from the refusal of the court to set aside such judgment the plaintiff appealed. *No error.*

The defendant town, by votes of town meeting, authorized the construction of a townhall building; appointed a building committee consisting of the three selectmen and six other inhabitants, of whom the plaintiff was one; authorized the committee to have plans for the building prepared for submission to a town meeting; approved the plans submitted; directed the committee to make a contract for the building with the lowest bidder; and appropriated the sum of $17,500 for the construction of said building, including heating, lighting and furnishing the same. Shortly after its appointment the committee chose the plaintiff to be chairman. The building was constructed and paid for, and the town paid the members of the committee, including the plaintiff, for expenses incurred by them, and reimbursed the plaintiff for moneys advanced by him in payment of expenses of construction authorized by the committee in excess of the appropriation made by the town.

The plaintiff then claimed that the town was liable to him for the reasonable value of services he had performed while a member and chairman of the committee, in preparing plans for the building, in the superintendence of the building and in selecting and contracting for the heating, lighting and furnishing of the same; and upon refusal of the town to pay for such services brought this action.

No reason of appeal is assigned except the alleged error of the trial court in denying the plaintiff's motion to set aside the judgment of nonsuit which the court had rendered upon motion of the defendant.

*Charles H. Briscoe* and *Oliver R. Beckwith,* for the appellant (plaintiff).

*Noble E. Pierce* and *George E. Taft,* for the appellee (defendant).

HAMERSLEY, J. It is well settled that when an inhabitant of a municipal corporation accepts a position of honor and trust for the benefit of all the inhabitants, whether the

position be created by statute or by municipal action, and no provision by law or contract is made for compensation, no duty is imposed upon the municipality to pay such inhabitant for services rendered in performing the uncompensated public duty he has thus voluntarily assumed. *Turney* v. *Bridgeport*, 55 Conn. 412, 414 ; *Pinney* v. *Brown*, 60 id. 164, 169 ; *O'Connor* v. *Waterbury*, 69 id. 206, 211 ; *White* v. *Levant*, 78 Me. 568 ; *Farnsworth* v. *Melrose*, 122 Mass. 268 ; *Cochrane* v. *Melrose*, 121 id. 563 ; *Sawyer* v. *Pawners' Bank*, 6 Allen (88 Mass.), 207.

In view of this law and of the facts alleged in the complaint as amended, it was essential to the plaintiff's cause of action that upon the trial to the jury the evidence should establish at least one of the following facts : (1) that the town agreed to pay some compensation to the members of the building committee ; (2) that the town agreed to pay some compensation to the person who might be chosen chairman of the building committee ; (3) that the town authorized the building committee to agree with its chairman that the town should pay him for performing the duties of the committee and for the time spent in the supervision of the building the committee were authorized to construct.   For the purpose of proving these facts the plaintiff produced in evidence the votes of the town, the contract and specifications for construction of the building between the building committee and the contractor, and the specifications accepted by the building committee for heating, lighting and furnishing the building.   These documents constituted the only evidence produced in support of these facts.

The legal sufficiency of the documents to prove the essential facts was, in this case, a pure question of law ; they were not dependent upon parol evidence in any such way as to present a mixed question of law and fact.   We think this documentary evidence was legally insufficient to prove any one of the facts essential to the plaintiff's cause of action, and that this legal insufficiency is too clear to justify a recital of the voluminous documents ; it consists in the plain and unquestionable absence of anything in the documents

showing either an agreement with the town to pay, or authority of the building committee to make such agreement. The suggestion made in argument, that the appointment of a building committee involved authority to that committee to employ a building inspector for pay, and to appoint as such inspector the person who might be its chairman, need not be considered. There is no evidence that the plaintiff was so employed. The fact as testified to by the plaintiff, that some time after his appointment as chairman of 'the committee and several months prior to the vote of the town accepting plans for the building and directing the committee to contract for its construction in accordance with those plans, he said to another member of the committee, referring to his services as the committee's chairman, that if he rendered services he should expect pay for the same, is legally insufficient to prove such employment. Under these circumstances the trial court properly granted the motion for a nonsuit. The motion was not granted because the court disbelieved witnesses the jury might believe, nor because it thought that the weight of evidence which the jury might find to be in favor of the plaintiff was in favor of the defendant. It was not granted because the complaint stated no cause of action, but because the plaintiff, having produced his evidence and closed his case, had failed to produce any evidence which, in view of settled rules of law wholly within the province of the court to determine, was legally capable of proving the cause of action which the complaint did state. The action of the court in granting the motion was within its legal discretion.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.