## DANIEL McGARRY vs. FRANCIS HEALEY.

Third Judicial District, Bridgeport, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An expert in handwriting who has testified that the disputed writings, although disguised, were written by the same hand that wrote the genuine letters used for comparison, may state whether or not the same general characteristics would be likely to exist in the disguised handwriting of an individual that marked his undisguised hand. If this be the plain purpose and intent of the inquiry, the precise form of the question put to the witness is not important.

A charge to the jury should state in as simple, orderly, clear and precise a manner as possible, the issues in the case, together with such principles of law as may be necessary for their proper determination upon the facts as they may be found to exist. This can be better accomplished in the language of the trial judge than by charging *seriatim* a multitude of written and oftentimes conflicting requests, none of which need to be noticed specifically by the trial court.

Defamatory communications made by a volunteer, without interest, confidential relation, or other than a moral or social duty, are never privileged unless made in good faith and in an honest belief in their truth, and with an honest intent to perform the duty.

In the present case the defendant, who was a mere volunteer, denied all knowledge of the alleged libelous letters. *Held* that under these circumstances the trial judge committed no error in instructing the jury that the letters in question were not privileged communications.

Argued October 24th—decided December 15th, 1905.

ACTION for libel, brought to the Superior Court in New Haven County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff for $314, and appeal by the defendant. *No error.*

*Charles S. Hamilton,* for the appellant (defendant).

*David E. Fitzgerald* and *Walter J. Walsh,* for the appellee (plaintiff).

PRENTICE, J. The complaint is in two counts. Each charges the defendant with the wilful and malicious publication of a libel concerning the plaintiff. The alleged publication and libel consisted of sending upon two occasions to the plaintiff's then employer an anonymous letter in which the plaintiff was in the first instance accused of theft from his employer, and in the second of being a .thief, conviction of theft, former discharge for theft, and drunkenness. Each count contains the usual allegations of falsity and malice, and an averment of special damage, including discharge from employment upon each occasion.

Upon the trial, which was to the jury, the defendant took exceptions to sundry rulings upon the admission of testimony, which are assigned as error. All of these rulings were either inherently correct, or within the domain of the court's discretion, or harmless if not technically correct. Only two call for comment, and these present the same question. For the purpose of showing that the defendant was the author of the two letters, the plaintiff offered certain writings admitted or shown to be in the defendant's hand, and thereafter two experts in handwriting who testified that the anonymous letters and the standards of comparison were in the same handwriting. Upon cross-examination each testified that in both the anonymous letters there was an apparent attempt at disguise. Upon redirect, one of these witnesses was asked whether or not the same general characteristics would be likely to exist where one had attempted to disguise handwriting as in the undisguised hand. The other was asked as to the probability of the writer disguising the second letter in the same manner as the first. This question was ill framed, but the objection to it was general, and the trial court might well have considered it as addressed to its substantial object, rather than to its form. The purpose and intent of it was plain and could not well have been misunderstood when it was asked and answered. The interrogator was by both questions seeking to show, from the experience and observation of the skilled witnesses, that peculiarities mark the handwriting of an individual even in

the presence of attempts at disguise, so that comparisons even as between disguised and undisguised writings, or as between different disguised writings, furnish intelligent bases for conclusions as to the identity of the writer. The disputed writings having been declared to be disguised, it was not only pertinent but important that the plaintiff should show that attempts at disguises did not, as shown by experience, eradicate from the product those peculiarities which, to the initiated especially, indicate the producer. The questions were properly admitted.

The defendant presented to the court a number of requests to charge the jury covering more than four pages of the printed record. The failure of the court to comply with each of these requests is assigned as error. It was the duty of the court to state to the jury the issues which were presented for its determination upon the evidence, and such principles of law as might be necessary for their proper determination upon the facts as they should be found to exist, and to make this statement in as simple, orderly, clear and precise a manner as it reasonably could under the circumstances. *Rosenstein* v. *Fair Haven & W. R. Co.*, 78 Conn. 29; *Hartford* v. *Champion*, 58 id. 268. An examination of the charge discloses that this duty was performed; nor was any subject involved in the requests omitted. The court was under no duty to notice the requests specifically, and the instructions given are to be commended in that they were in the language of the court and framed in an orderly manner and judicial spirit and avoided what we have recently had frequent occasion to condemn as an unsatisfactory and dangerous practice. *Rosenstein* v. *Fair Haven & W. R. Co.*, 78 Conn. 29; *Carney* v. *Hennessey*, 77 id. 577; *Shailer* v. *Bullock*, 78 id. 65.

One of the requests asked the court to give to the jury certain somewhat extended instructions upon the subject of privileged occasions and privileged communications, with especial reference to occasions where the one making the communication is, as was the defendant in this case, a volunteer without interest, confidential relation, or duty,

save such as might arise from a personal sense of social or moral duty. The court refused to comply with this request, and told the jury that in view of the volunteer capacity of the defendant, the nature and contents of the letters, and their anonymous character, they were not privileged communications. This action of the court is especially complained of. We are under no necessity of considering the bearing which the anonymous character of the communications in question has upon the question of privilege. It is sufficient that there is nothing disclosed in the facts and circumstances of this case upon which a claim of privilege could be made for them had they been signed by the writer. Defamatory communications made by a volunteer without interest, confidential relation, or other duty than a moral or social one, are never privileged unless made in good faith and in an honest belief in their truth and with an honest intent to perform the duty. *Atwater* v. *Morning News Co.,* 67 Conn. 504 ; Odgers on Libel & Slander, 213 *et seq.* This defendant was not heard to say, nor did he claim to have proved, that he sent the letters in good faith and under a sense of a duty. On the contrary, he strenuously denied all knowledge of them. The court was therefore quite right in giving the instruction it did, and in not sending to the jury an issue which was not in the case.

The charge is complained of in three other minor particulars. It is sufficient to say of these passages that they are unexceptionable.

There is no error.

In this opinion the other judges concurred.