JOHN CROTTY *vs.* THE CITY OF DANBURY ET AL.

Third Judicial District, Bridgeport, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

General Statutes, § 3838, provides that any person injured by a defect in that part of the highway which a street-railway company is bound to keep in repair, may sue both the company and the municipality, and that any judgment recovered in such action shall run against both defendants. In an action on this statute it was *held:*—

1. That the rendition of a judgment of nonsuit in favor of the street-railway company did not necessarily require a similar judgment in favor of the municipality; the propriety of such a judgment in respect to either defendant depending upon the failure of the plaintiff to make out a prima facie case.

2. That the plaintiff, certainly, could not complain because he had not been nonsuited as to both defendants.

The denial of a motion for a nonsuit is a matter of discretion and is not reviewable on appeal.

The allowance or denial of a motion for the continuance of a cause is a matter of discretion that cannot be reviewed on appeal.

The trial court may require that a map which is offered in evidence shall go in without any qualification, and that any desired explanations in respect to it shall be made by a witness.

In examining one of his own witnesses as to his testimony on a former trial, the plaintiff was required to proceed in the manner prescribed for refreshing the recollection of a witness. *Held* that there was no error in such ruling.

It is the duty of the trial judge in his charge to correctly state the law applicable to the facts as they may be found by the jury, and to do this in such a manner that the relation of the law to the facts may be readily understood by them. But where this is done, a failure to charge in the language of written requests, even though these are quotations from official opinions, is not necessarily error.

The charge in the present case concerning presumptive or implied notice to the city of the alleged defect, reviewed, and *held* to be correct and adequate.

The plaintiff when injured was walking in the carriage-way because of the alleged icy condition of the sidewalks; and the jury were instructed that under these circumstances he might properly use that part of the road and that such use would not bar a recovery. *Held* that the plaintiff could not complain of this instruction, which was in substantial compliance with his request.

The plaintiff complained that the charge did not sufficiently define the "reasonable supervision" which the trial court instructed the jury the city was bound to exercise over its streets. *Held* that under the circumstances a more detailed definition was unnecessary; while the question of the exercise of such supervision by the city, in this particular case, was properly left as one of fact for the jury.

The rule is now well settled in this State that the trial judge in his charge to the jury may express his opinion on the weight of evidence, either directly, or by the drift of his comments and the marshaling of facts; provided all questions of fact are submitted to the jury without any direction as to how they shall be determined. This power is one to be exercised at the discretion of the trial judge, whose action, unless such discretion is plainly abused, will not be reviewed on appeal.

Argued October 25th—decided December 18th, 1906.

ACTION to recover damages for personal injuries alleged to have been caused by a defective highway, brought to the Court of Common Pleas in Fairfield County where a

judgment of nonsuit was rendered in favor of the Danbury and Bethel Street Railway Company, and the case against the city was afterward tried to the jury before *Curtis, J.;* verdict and judgment for the defendant city, and appeal by the plaintiff. *No error.*

*Howard W. Taylor*, for the appellant (plaintiff).

*Samuel Tweedy*, for one of the appellees (defendant Danbury and Bethel Street Railway Company).

*J. Moss Ives*, for one of the appellees (defendant City of Danbury).

HAMERSLEY, J. Division Street is a public highway within the city of Danbury which the city is bound to keep in repair. The Danbury and Bethel Street Railway Company maintains a single street-railway track through said street, and is bound by law to keep in repair that part of Division Street between the rails of said track and for a distance of two feet on each side. On the evening of December 12th, 1903, there was on the surface of said Division Street, on the eastern part of the carriage-way, a small shallow hole caused by a break in an underground water-pipe, and on that evening John Crotty, the plaintiff, stepped into this hole and was thrown down and injured. The plaintiff brought this action to recover damages for his injuries thus received, and made the city and the railway company defendants. The complaint alleged the legal duty of the defendant city to keep said Division Street in repair, and also the legal duty of the defendant railway company to keep in repair that portion of Division Street within the rails of its track and for two feet on each side, and claimed damages "by force of the statute in such cases made and provided." Each defendant filed a separate answer denying material allegations of the complaint. The case first came to trial to a jury at the April term, 1905, of the Court of Common Pleas. At the trial, after the plain-

tiff had produced all his evidence and rested his cause, the defendant street-railway company moved for a judgment against the plaintiff as in case of nonsuit. This motion was granted and a judgment as in case of nonsuit was entered, in favor of the defendant street-railway company against the plaintiff, on April 27th, 1905. On the same day the plaintiff filed a motion to set aside the judgment of nonsuit. This motion was heard and denied on April 6th, 1906. The denial of the motion to set aside the nonsuit is assigned as error.

It plainly appears from the evidence reported, that the plaintiff produced no evidence from which a jury could find that the defect in the highway, alleged as the cause of the plaintiff's injuries, was within that portion of the highway which the defendant railway company was bound to keep in repair. There was no cause of action alleged against the defendant railway company except one based upon its failure to perform its statutory duty of repairing the highway within the prescribed limits. The failure of the plaintiff to produce any evidence of the existence of a defect within the prescribed limits was necessarily a failure to make out a prima facie case, and the court properly granted the motion for a nonsuit. *Wallingford* v. *Hall*, 64 Conn. 426, 430, 30 Atl. 47 ; *Beckwith* v. *Farmington*, 77 Conn. 318, 321, 59 Atl. 43. The defendant railway company owed no duty to the plaintiff in respect to the repair of the highway, except the specific duty imposed upon it by statute. In such case no duty and no liability exists that is not imposed by statute. *Lavigne* v. *New Haven*, 75 Conn. 693, 696, 55 Atl. 569.

There is no ground for the plaintiff's further claim, that in the special statutory action authorized by § 3838 against the street-railway company and the municipality on account of a defect in that portion of a highway which the former is bound to keep in repair, a judgment as in case of nonsuit in favor of the railway company is void, because in such an action such a judgment can only be rendered in favor of both defendants. This is a very peculiar statutory action,

and, so far as we know, the present suit is the first action brought on the statute since its passage in 1893.    The action is primarily one against the street-railway company for the purpose of enforcing its liability, and of doubtful use to a plaintiff when there is no question as to the responsibility of the railroad company.   *Lavigne* v. *New Haven*, 75 Conn. 693, 55 Atl. 569.   The street-railway company, upon failure of the plaintiff to make out a prima facie case against it, is clearly entitled to a nonsuit in pursuance of § 761 of the General Statutes.   Even if the ground on which the nonsuit were granted would justify a like judgment in favor of the other defendant, the plaintiff has no ground of complaint because he was not nonsuited as to both defendants.   He was not thereby obliged to pursue his action against the other defendant, but having pursued it and tried the cause upon its merits, he is bound by the judgment.

When said judgment of nonsuit was rendered, the defendant city of Danbury also moved for a judgment as of nonsuit in its favor against the plaintiff, which motion the court denied.   The denial of such a motion is wholly within the court's discretion.   Then said city moved for a continuance of the cause, upon the ground that it had come into the trial as one of an action primarily against the street-railway company, under General Statutes, § 3838, and only incidentally against the city of Danbury, and that it was not then properly prepared to try the action as one against the city for a defect in the portion of the highway under its care.   The court, after hearing counsel only and in the exercise of its discretion, granted said motion, to which the plaintiff excepted.   Granting or refusing the motion to continue was a matter within the discretion of the court, notwithstanding a continuance would necessarily involve the discharge of the jury.   *Shaler & Hall Quarry Co.* v. *Campbell*, 53 Conn. 327, 329, 2 Atl. 755 ; *White* v. *Portland*, 63 Conn. 18–20, 26 Atl. 342.   The action of the court in granting this motion is not a sufficient reason for appeal.

The plaintiff's motion to set aside the nonsuit granted in favor of the defendant railway company having been

denied on April 6th, 1906, the plaintiff, on the 9th day of
the same month, with the consent of the defendant city,
amended his complaint by alleging that the defendant city
had for an unreasonable length of time, prior to the time
when the plaintiff received his said injuries, allowed said
defective condition of the highway to exist, and had un-
reasonably neglected to either repair said defect or safe-
guard public travel thereat. Upon the complaint against
the defendant city as thus amended, the plaintiff and de-
fendant city tried the cause to a jury.

The reasons of appeal assign error in the rulings of the
court as to the admission of evidence, in its failure to charge
specifically in accordance with written requests of the
plaintiff, and in its charge as given.

Upon the trial the plaintiff offered in evidence, as one
of his exhibits, a map of Division Street made by the de-
fendant city and which the defendant city proposed to offer
as a part of its case. The plaintiff claimed the right to
use the map as illustrative and not as accurate, and to have
it marked as plaintiff's " Exhibit A. Illustrative." The
court held that if the plaintiff put in the map as an exhibit
to go to the jury, it should go in without any qualification,
with such explanations as the plaintiff might wish to make
by some witness. The map was accordingly marked plain-
tiff's " Exhibit A."

The plaintiff, upon the redirect-examination of his own
witness Bradley, examined him as to his testimony upon
the former trial, and the court in directing the course of
such examination held that it should be conducted in a
manner appropriate to the purpose of refreshing the wit-
ness' memory. It does not appear that any question was
excluded that was not subsequently substantially answered.

There was no error in these rulings.

The requests to charge occupy four printed pages of the
record, and comprise general statements of the law relating
to a municipality's liability for neglect to keep its highways
in repair, and some comment on the evidence. It was not
the duty of the court to incorporate in its charge these re-

quests as made. Counsel cannot dictate a charge for the court. It is the duty of the court to state the law, applicable to the facts that may be properly found by the jury, correctly, in such manner that the relation of the law to the facts may be most readily understood by the jury. Where this is done, a failure to charge in the language of written requests, even though that language is quoted from opinions in reported cases, is not necessarily error. *McGarry* v. *Healey*, 78 Conn. 365, 367, 62 Atl. 671. The charge of the trial court adequately stated the law upon the material points to which its attention was called in the plaintiff's request. It is sufficient to refer to the two points that may justify special mention. The plaintiff claimed that the defect in the highway had existed for so long a time and under such circumstances that the city was charged with notice of its existence, and several of the requests contain statements of law and comments upon evidence relating to this claim. The court stated the law as follows : " Now if you find that this highway was not in a reasonably safe condition for public travel because of this hole located upon it, as you find it to be, and of such size as you find it to be, the next question is whether or not this city had notice of that defect in the road—had notice a sufficient length of time before the happening of this accident, to have repaired the defect or have safeguarded it by a barrier or by a lantern, or any other appropriate ways. The mere fact that a street in a city, at any given time, is not in a reasonably safe condition for public travel, does not of itself impose a liability upon the city to pay damages for any injury that may occur from it; but before the city can be held it must be shown that the city had notice of the existence of the defect, and as I said before, a reasonable time after notice to either safeguard it by lanterns or otherwise, or to repair it. In this case there is no claim that there was actual notice to the city officials of the existence of this hole. But the law recognizes in this connection what is called implied or presumptive notice ; the duty rests upon the city to exercise a reasonable supervision of

its streets and sidewalks. And if you find that in the exercise of a reasonable supervision of the streets and sidewalks of this city, the city would have known of this hole a sufficient length of time before the accident to have had an opportunity to repair it, or safeguard it, then you are permitted to find from that fact that the city had notice, and that as far as that feature of the case is concerned, the city would be responsible. In determining that question, of course the character of the defect and the length of time that it has existed become important. That is, the question whether it has been long enough and is so conspicuous that it would attract the attention of the city, in the exercise of a reasonable supervision of the streets, is a question which you must decide."

This statement of the law, as applicable to the state of evidence and claims detailed in the finding, is correct and adequate. *Manchester* v. *Hartford*, 30 Conn. 118, 121; *Bill* v. *Norwich*, 39 id. 222, 228; *Cummings* v. *Hartford*, 70 id. 115, 124, 38 Atl. 916; *Dean* v. *Sharon*, 72 Conn. 667, 672, 45 Atl. 963.

The plaintiff testified that the sidewalks of the highway were covered with ice and were dangerous for travel, and for this reason he was walking in the carriage-road when he stepped into the hole claimed to constitute a defect and received his injuries. The requests contain a form of charge for instructing the jury that under such circumstances it was not negligence for the plaintiff to walk in the roadway, and that the bare fact that he was walking in the roadway when he received his injury would not prevent his recovery. Upon this point the court charged the jury, in substance, that if they should find that the plaintiff in the exercise of his best judgment believed the sidewalk to be dangerous and that the roadway was a safer place for him to travel, it was proper for him under such circumstances to walk in the roadway, and that the fact that he was in the roadway under those circumstances could not bar him from recovery in this action. The plaintiff cannot complain of such a compliance with his request.

Several passages from the charge as given are quoted in the appeal and assigned as error. One, relating to the duty of the city to exercise a reasonable supervision of the condition of its streets, is considered above. It was not necessary, in view of the circumstances appearing in the finding, for the court to attempt a more detailed definition of reasonable supervision. The question of the failure of the city to exercise a reasonable supervision in this particular case was, under the circumstances, properly left as a question of fact for the jury. Another, stating that the city is not an insurer of travelers upon the highway, is plainly correct. The remaining passages comprise comments upon evidence.

It is evident from careful inspection of the record that the plaintiff's main grievance lies in the impression which the court may have given the jury through its failure to adopt the requests to charge as made, and its charge as given as to the opinion of the court upon the weight of evidence. That the court has power at its discretion, and that in some cases it becomes its duty, to express to the jury for their information its opinion on the weight of evidence, in such manner that all questions of fact are submitted to the jury without any direction how they shall find the facts, is settled by the decisions of this court, and too well settled to permit question. *First Baptist Church* v. *Rouse*, 21 Conn. 160, 167 ; *State* v. *Rome*, 64 id. 329, 338, 30 Atl. 57 ; *Cook* v. *Steinert & Sons Co.*, 69 Conn. 91, 92, 36 Atl. 1008 ; *Scholfield G. & P. Co.* v. *Scholfield*, 71 Conn. 1, 13, 40 Atl. 1046 ; *State* v. *Long*, 72 Conn. 39, 43, 43 Atl. 493 ; *State* v. *Main*, 75 Conn. 55, 60, 52 Atl. 257. The opinion of the court may properly be expressed, either directly, or inferentially through the drift of its comments and the marshaling of facts in its charge, and the exercise of its discretion cannot be reviewed unless the court fails to submit the questions of fact to the jury without direction as to how they shall find the facts, or plainly abuses its discretion. In the present case the court submitted the question of fact to the jury without any direction as to how they should find the facts,

and there is manifestly nothing in the record to indicate any abuse of its discretion by the court in its comments upon the testimony and its method of presenting the facts to the jury. On the contrary, its comments upon testimony and its arrangement of the charge for a clear presentation of the facts to the jury, if conceded to involve an intimation of the court's opinion unfavorable to the plaintiff, are proper and justified by the state of the evidence disclosed by the finding, even if we include in the finding the corrections which the plaintiff desired to have made.

The trial court was justified in declining to correct the finding as requested by the plaintiff.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.