CORREL MANCHESTER *vs.* THE CITY OF HARTFORD.

The city of Hartford is by law bound to keep in repair all the " streets, highways and roads " within the city limits.

Whether the city is bound to make sidewalks along its streets must depend mainly upon whether the safety or convenience of the public in passing along the street requires it.

Where a sidewalk has been constructed and thrown open for public use and has been used with the rest of the street by the public, it must be maintained by the city, and kept in such repair as to be reasonably safe and convenient for travelers.

This duty is in no manner affected by the fact that the city has power to order the construction and repair of sidewalks by the adjoining proprietor, and in case of his non-compliance with the order to collect from him the expense of such construction or repair.

The duty being imposed primarily upon the city, individuals have a right to look to the city for indemnity for injuries occasioned by neglect to repair.

In a suit against the city for an injury caused by the defective condition of a sidewalk, the judge charged the jury that it was not necessary for the plaintiff to prove actual knowledge of the defect on the part of the defendants, but that if the defect was palpable, dangerous, in a public place, and had existed for a long time, it was for the jury to say whether it was not the duty of the defendants to obtain such knowledge. Held, that the charge was correct.

CASE, for an injury caused by the defective condition of a sidewalk within the limits of the city ; tried to the jury in the superior court, on the general issue, before *Mc Curdy, J.*

On the trial the plaintiff offered evidence to prove that on the evening of the 28th of May, 1856, he fell and received the injury alleged in his declaration, on the north sidewalk of a street called " Albany Avenue," within the city ; and that his fall and injury were caused by a defect in the sidewalk ; and that it was the duty of the defendants to keep the sidewalk in repair, and that they had been guilty of negligence in failing to repair the same. The defendants offered evidence to prove that the land adjacent to the sidewalk was owned by the Hartford and New Haven Railroad Company, and it was admitted that the land was owned by some person other than the defendants. The defendants thereupon claimed that under their charter, which provided for the construction and maintenance of sidewalks by the adjoining proprietors upon the order

of the common council, they were not bound to keep the sidewalk in repair, and were not liable for the injury which the plaintiff had received, and prayed the court so to charge the jury. The court did not so charge, but instructed the jury that if they should find the facts respecting the injury, and the place where it occurred, and the cause of it, as claimed by the plaintiff, and that the sidewalk in question was a part of a public street in the city, which street the defendants were bound to keep in repair, and that the sidewalk was under the direction and control of the defendants in relation to the construction and maintenance of the same, the defendants were not exonerated from their liability to the plaintiff in this case by reason of the provisions of their charter.

The defendants claimed that to render them liable it must be proved that they had knowledge of the defect, and had been guilty of culpable negligence in not repairing the same ; and prayed the court so to charge the jury. The court instructed the jury that to render the defendants liable it must be proved that the injury arose from a defect in the sidewalk, existing there through the negligence of the defendants ; but that it was not necessary to prove that the defendants had actual knowledge of the defect ; that the question whether the defendants had been guilty of negligence was one of fact for the jury to determine from all the circumstances proved ; that a want of such knowledge was one of the circumstances which tended to disprove such negligence, and might be important, but was not of itself conclusive ; that if the jury should find the facts to be proved as claimed by the plaintiff, that the defect was palpable, dangerous, in a public place, and had existed for a long time, it would be for them to say whether it was or was not the duty of the defendants to obtain knowledge of it and repair it ; that the considerations on this point, on the one side and the other, were for the jury and not the court to weigh and decide upon.

The jury returned a verdict for the plaintiff for $1,500 damages. The defendants moved for a new trial, for error in the charge of the court.

*E. Goodman*, in support of the motion.

*Hall*, contra.

SANFORD, J.   The construction and repair of all the "streets, highways and roads" within the limits of the city of Hartford, was and is a duty imposed upon the defendants by law, and that duty is not denied.  1 Private Acts, 387.  And by the statute concerning highways and bridges, (Rev. Stat., tit. 24, § 5,) it is provided that "if any person shall lose a limb, break a bone, or receive any bruise or bodily injury by means of any defective bridge or road, the town, person, persons or corporation, which ought to keep such road or bridge in repair, shall pay to the person so hurt or wounded, just damages."

That the sidewalk on which the plaintiff received the injury complained of was part of the public street, road or highway which it was primarily the defendants' duty to repair, a part of the "road" within the meaning of the statute just recited, we have no doubt.  The terms "public street, road and highway" in these statutes seem to be used as convertible terms.  See Rev. Stat., tit. 24, ch. 1 ; 1 Private Acts, 369, 373, 379, 383, 389.  A road is "an open way or public passage— ground appropriated for public travel : as a generic term it includes highway, street and lane."   Webster's Dictionary, "Road."   Bouvier's Law Dict. "Street."   Where an order of the county court designated "the west line of Main street" in the city of Middletown as one of the boundaries of the prison liberties, this court held that the practical line of the street as used and occupied was the line intended by the order, and included the *whole of the street or highway between the houses*. *Ely* v. *Parsons*, 2 Conn., 384.

Whether a city or any other municipal corporation charged with the repair of roads, can be compelled to construct sidewalks along its roads or streets, or not, is a question which, as it is not made, we need not decide ; and will only say regarding it, that its determination might be found to depend mainly upon the inquiry whether the safety or convenience of travel-

ers required such sidewalks or not, as whether a highway is or is not in good and sufficient repair always depends upon the location of such way and the uses to which it is appropriated. But that a sidewalk along a public street in a city, having been constructed and thrown open for public use, and used in connection with the rest of the street, must, as a part of the street, be so maintained and repaired as to be reasonably safe and convenient for the passage of travelers exercising ordinary care, we think is clear. And we find nothing in the defendants' charter, or in any public or private act relating to the subject, which, in our judgment, exonerates the city from its duty toward the public to keep such sidewalks in repair, nor from its liability to make compensation for injuries arising from the neglect of that duty. The city is bound to see to it that all portions of the street subject to its control are kept in good and sufficient repair. And this obligation we think is in no degree affected by the consideration that it has power to order the construction or repair of sidewalks to be made by the adjoining proprietors, and in case of their non-compliance with such order to collect from them the expense of such construction or repair. The duty is by law imposed primarily upon the city, and to the city the public and individuals have a right to look for security against accidents, as well as for indemnity for injury occasioned by its neglect. Whether the funds required to meet these responsibilities are to be obtained from the adjoining proprietors, or by the levy of a general tax upon all the citizens, or otherwise, is immaterial.

The charge of the court in regard to the defendants' knowledge of the condition of the sidewalk was correct. It was the duty of the city by its proper officers or agents to exercise a reasonable supervision of the streets and sidewalks within its limits, and it could be no excuse for the defendants that they had in fact no knowledge of the defect in question, if their ignorance arose from neglect to exercise such supervision. If the defect was " palpable, dangerous, and had existed for a long time," the jury might very properly infer, either negligent supervision and ignorance consequent upon and chargea-

ble to such neglect, or notice of the defect and a disregard of the duty to repair it.

A new trial ought to be denied.

In this opinion the other judges concurred.

———————

# SUPREME COURT OF ERRORS.

HARTFORD COUNTY, SEPTEMBER TERM, 1861.

Present,

HINMAN, C. J., ELLSWORTH AND BUTLER, JS.