Bill *v.* City of Norwich.

---

## JAMES A. BILL *vs.* THE CITY OF NORWICH.

To render a city liable for an injury caused by a defect in a public street, there must have been some neglect of duty in the matter on the part of the city authorities; and notice of the defect is essential to such neglect. This notice may be actual or may be inferred from the circumstances of the case.

If the defect was, at the time of the injury, palpable, dangerous, and in a public place, and had existed for a considerable period of time, knowledge on the part of the city authorities might be presumed.

Notice to a citizen is not, as matter of law, notice to the city, but may be considered by the triers as evidence tending to show such notice; and if many citizens had knowledge of the defect, so that it had become notorious, the evidence that the city authorities had notice would become very strong.

ACTION on the statute concerning highways, to recover for an injury claimed to have been caused by a defect in a street of the defendant city; brought to the Superior Court in New London county, and tried to the jury on the general issue before *Loomis, J.*

On the trial the plaintiff offered evidence to prove, and it was conceded by the defendants, that near the place where the plaintiff received the injury alleged in the declaration, John Murphy of the city of Norwich, with a number of men, also residents of the city, in his employ, was at work blasting out and carting away stones from a ledge adjoining Shetucket street within the city, and close to the sidewalk on the north side of the street, for the foundation of a public building to be used for county, town and city purposes, Murphy being a contractor with the joint board created by the statute, authorizing the erection of such building; and that, at the time of the injury, a derrick for loading stone stood near the sidewalk, and a cart with cattle attached thereto had been backed up to the ledge on the sidewalk, which cart was then being loaded with stones, and that the sidewalk near the cart was encumbered with stones, and that by reason of these several obstructions the sidewalk was then impassable.

The plaintiff offered evidence to prove that he received the injury while proceeding across the street on his way to the railroad station, he being obliged to leave the sidewalk; and intending to go around the team and other obstructions and come back again to the walk, on the same side of the street. There was some conflict of testimony in regard to the speed at which the plaintiff was going. He admitted that he was in a hurry to reach the station, and was going pretty rapidly, but claimed that he was in the exercise of reasonable care. The defendants offered evidence to show that the plaintiff, at the time, was running at full speed with a carpet bag in his hand, and that he did not exercise reasonable care in going around the obstructions, but essentially contributed to his injury by the want of ordinary care.

The plaintiff did not claim to have received any injury on the sidewalk, or from any defect therein, but claimed and offered evidence to prove, that whatever injury he received was caused after he left the sidewalk, and had proceeded about eight or ten feet therefrom, by stumbling over what he supposed was a stone, though he did not see the stone, lying upon the highway. No witness was able to identify any stone as

the one which caused the accident, but one of the plaintiff's witnesses picked up a stone from the street soon after the injury and on the trial brought it into court, and it was offered in evidence as the stone over which it was probable the plaintiff fell. The defendants claimed, and offered evidence to prove, that the stone which was near the place where the plaintiff fell, was a loose stone partly buried in the dirt of the highway, that there was no other stone near that place, and that Murphy, the contractor, had exercised great care in keeping the street, outside of the part which was closed from public travel, free from all stones which might be thrown there by the blasting of the ledge; and that, on that day or the day before the accident, all the stones and rubbish that had accumulated had been carted away.

The plaintiff on his part offered evidence to show that the contractor had not exercised such care as he claimed to have done, and that the northerly part of the street had for several weeks or months been encumbered with pieces of broken rock, and with the implements for blasting and loading stone, and carting it away; but it was admitted by the plaintiff that the southerly portion of the street, of sufficient width for teams to pass, had been kept free from obstructions.

The plaintiff offered to introduce testimony that the sidewalk was defective and dangerous. The defendants objected to the admission of the evidence of any defect in the sidewalk, for the purpose of showing a defect at the place where the injury was received, and the court sustained the objection, and did not receive the evidence for the purpose aforesaid. But the court permitted the plaintiff to show the actual state of the sidewalk and of the street, and the plaintiff did in fact introduce a large number of witnesses to show to what extent the sidewalk and street were encumbered and out of order, and the effect of the blasting in throwing stones from the ledge into the street was also permitted to be shown.

No evidence was introduced to show actual notice of any defect in the street to the city authorities, nor was there any evidence to show that the stone over which the plaintiff claimed to have stumbled had been in the street any length

of time, except the fact that the work aforesaid was in progress in the vicinity, and that, by blasting, fragments of rock had from time to time been thrown into the street, and that stones were seen from time to time on the northerly side of the street. The plaintiff claimed, and offered evidence to show, that the work on the ledge had been going on for several weeks or months before the accident happened, and that during that time the northerly portion of the street had often been encumbered with fragments of rock. The defendants offered as a witness Murphy, the contractor, with his books and entries relative to the work, to prove that the work on the ledge first commenced on the 19th day of October, 1870, only nine days before the day of the injury, and that on several intermediate days no work was done on the ledge.

On this question of notice the plaintiff requested the court to charge the jury that it was their duty to find that the city had notice, from the length of time that the work had been in progress on the ledge and the street had been encumbered with stones.

And the plaintiff having further offered evidence to prove that Shetucket street was one of the principal thoroughfares of the city, and several citizens of Norwich having been called as witnesses by the plaintiff to show that they had passed through the street daily and had noticed that the northerly portion adjoining the ledge had been encumbered with stones from time to time during the progress of the work, requested the court to charge the jury that, as matter of law, notice to a citizen of Norwich, was notice to the city of Norwich.

The court charged the jury that as the action was founded upon negligence, in order to justify a verdict for the plaintiff, there must be some evidence to show some neglect of duty on the part of the city authorities relative to the defect which caused the plaintiff's injury. That if the city had actual notice, it was sufficient; but if there was no actual notice, the jury might find implied notice to the proper authorities of the city, from the facts and circumstances of the case. That if the defect was palpable, dangerous and in a public place, and had existed for a considerable period of time, the

jury might presume that the city authorities had knowledge of the defect.

And the court, in commenting on the evidence, remarked that it did not appear how long the particular defect that caused the plaintiff's injury had existed, except what the jury might infer from the evidence respecting the general condition of the street at the place in question; that by the testimony of the contractor it appeared that the work had not been in progress very long, only nine days before the accident, and that the contractor, and some other witnesses for the defence, had testified that after each blast it was their uniform practice to remove from the street all the fragments of rock thus thrown into the street; but that on the other hand, the plaintiff had offered many witnesses to show that the northerly portion of the street had been encumbered continually with stones during the time the work had been in progress. That the jury, in connection with the length of time the work had been in progress, should consider the evidence and claims of the plaintiff relative to other circumstances tending to show knowledge of the defect on the part of the city, the fact that the place was one of the principal thoroughfares of the city, the character of the work, the derrick erected at the place with its guy ropes passing over the street, the blasting of the ledge and the fragments of rock flying into the street from time to time; that these and other circumstances adverted to by the plaintiff were calculated to call the attention of the city authorities to the place, and so to advise them of any visible defects in the street, if such existed. That the claim of the plaintiff's counsel, that notice to a citizen is, as matter of law, notice to the city, was not correct, but that notice to a citizen might be considered by the jury, as evidence tending to show notice to the city, and that if the jury should find that many citizens had notice of the defect, so that it was notorious, the evidence that the proper authorities of the city also had notice would become very strong.

The jury having returned a verdict for the defendants, the plaintiff moved for a new trial for error in the charge of the court.

*Wait* and *Chadwick*, with whom was *Swan*, in support of the motion, cited, as to notice of the defect being presumed from length of time, *Lobdell* v. *Town of New Bedford*, 1 Mass., 153 ; *Town of Bigelow* v. *Weston*, 3 Pick., 267 ; *Morrill* v. *Town of Deering*, 3 N. Hamp., 53; *Howe* v. *Town of Plainfield*, 41 id., 135. And as to notice to a citizen being notice to a city, *Springer* v. *Town of Bowdoinham*, 7 Maine, 442 ; *Mason* v. *Town of Ellsworth*, 32 id., 271.

*Halsey* and *Pratt*, contra.

PARK, J. Very little needs to be said to vindicate the charge of the court in this case. The plaintiff's counsel misapprehend the charge in the first point which they make in their brief, in which they claim that the judge, after stating to the jury that if the defect was palpable, dangerous, and in a public place, and had existed for a considerable period of time, the jury might presume that the city authorities had notice of the defect, went on to comment upon the evidence as to the length of time, and said that " the defect had not existed very long, only nine days before the accident." What the court said, in commenting on the evidence, was, " that it did not appear how long the particular defect that caused the plaintiff's injury had existed, except what the jury might infer from the evidence respecting the general condition of the street at the place in question ; that by the testimony of the contractor it appeared that the work had not been in progress very long, only nine days before the accident ; and that the contractor, and some other witnesses for the defence, had testified that after each blast it was their uniform practice to remove from the street all the fragments of rock thus thrown into the street ; but that, on the other hand, the plaintiff had offered many witnesses to show that the northerly portion of the street had been encumbered continually with stones during the time the work had been in progress."

The difference between the charge of the court as stated in the motion, and the charge as claimed by the plaintiff, upon the point under consideration, is palpable and material, and

it is not necessary to consider the claim further.   We think this part of the charge however open to no exception.

The plaintiff further claimed, and requested the court to charge the jury, as matter of law, that notice of the defect to a citizen of the city, was notice to the city itself.   The court refused so to charge the jury, but said to them that notice of the defect to a citizen might be considered by the jury as evidence tending to show notice to the city.

It seems to us that the charge of the court was clearly correct.   In the case of *Manchester* v. *The City of Hartford*, 30 Conn., 118, it was holden that the question whether the city was guilty of negligence or not, in a case like the present one, was purely a question of fact for the jury to determine from all the circumstances of the case.   It was claimed in that case that the city could not be liable unless the city authorities had actual knowledge of the defect, and had been guilty of culpable negligence in not repairing the sidewalk; but the court held that the defendants were bound to exercise a reasonable supervision of the streets and sidewalks within the city, in order to ascertain whether they were defective or not, and that. if the defect in question was palpable, dangerous, and in a public place, and had existed for a long time, the jury might very properly infer negligence in the defendants in the exercise of such reasonable. supervision, although they might be ignorant, in fact, of the defect that caused the injury.

It is manifest that a defect which is palpable and dangerous, cannot exist in a public street within the limits of a city for a long space of time without many citizens becoming aware of the fact; but still, in that case, it was not suggested by court or counsel, that notice of the defect to one of the citizens was notice to the city itself, as a matter of law.   It will be observed that the request of the plaintiff is without condition or limitation.   It applies to all conceivable cases of the kind.   No matter if the citizen acquires knowledge of the defect when on the point of leaving the city to be absent for months in distant lands.   No matter if the defect was so casually observed, that its existence was forgotten within an hour, the city must be held chargeable with knowledge.

This seems absurd, and especially so when taken in connection with the doctrine, that there must be negligence on the part of a city or town in order to render them liable.

We are satisfied that the charge of the court was correct and we therefore do not advise a new trial.

In this opinion the other judges concurred.