### Eugene C. Hill *vs.* The Fair Haven and Westville Railroad Company.

Third Judicial District, New Haven, June Term, 1902.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

If a complaint taken as a whole states a good cause of action, its separate paragraphs can rarely, if ever, be subject to demurrer upon the ground of their legal insufficiency. Moreover, if these paragraphs are relevant and material portions of a statement which, in its entirety, shows a cause of action, they should be allowed to stand; if not so relevant, they should be demurred to for irrelevancy, but not for insufficiency.

In the present case the complaint was not demurred to as a whole, but, upon successive demurrers, different parts, and finally the residue, of the complaint, were adjudged insufficient. *Held* that this course was manifestly erroneous.

An averment in successive paragraphs of a complaint, that different acts of the defendant, in themselves lawful, were " improperly and negligently " performed, is not demurrable as being a conclusion of law. General allegations of negligence are allowable to qualify acts not otherwise wrongful.

Nor does such an averment charge in each paragraph an allegation of actionable negligence which must be complete and sufficient in itself. If the successive paragraphs show a series of acts improperly and negligently performed, which are closely connected, and, taken together, constitute a course of negligence which produced the injury to the plaintiff, it is sufficient.

Argued June 5th—decided July 18th, 1902.

Vol. lxxv—12

ACTION to recover damages for personal injuries claimed to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County where successive demurrers to portions of the complaint were sustained (*Elmer, J.*), and upon a subsequent demurrer the complaint itself was held insufficient (*Case, J.*) and judgment was rendered for the defendant to recover its costs, from which the plaintiff appealed for alleged errors in the rulings of the court. *Error, judgment set aside, and cause remanded.*

The case is sufficiently stated in the opinion.

*Henry G. Newton* and *Ward Church*, for the appellant (plaintiff).

*George D. Watrous* and *Henry F. Parmelee*, for the appellee (defendant).

PRENTICE, J. The somewhat voluminous complaint in this case seeks the recovery of damages for personal injuries, alleged to have been received by the plaintiff while he was a passenger upon one of the defendant's street cars, and to have been occasioned by the defendant's negligence.

The original complaint stated a good cause of action. The defendant evidently so considered, since it did not, as it otherwise should have done, demur to it as a whole. Notwithstanding this fact, as the result of three successive successful attacks by demurrer, the first two being to portions thereof only, and the last to the residue, and all being for insufficiency or irrelevancy only, the plaintiff has been driven out of court and had judgment awarded against him. This simple statement is all that is needed to show that there has been error at some stage of this somewhat unusual history. If all the parts of this complaint were irrelevant and insufficient, the whole complaint certainly was also. It is as true in pleading as in mathematics, that nothing added to nothing makes nothing, and that the whole cannot be greater than the sum of all its parts.

We might perhaps well stop with this simple demonstration of error, but it may be useful in the future history of the case if we locate the error, or certain of the errors, which led to this result.

The defendant first demurred to paragraphs ten and eleven and a portion of paragraph twenty-four, upon the grounds that the matter therein alleged did not constitute negligence, and was irrelevant. The court struck out the two paragraphs as containing irrelevant matter, and sustained the demurrer to the part of paragraph twenty-four, as not containing a proper statement of facts constituting negligence. This action of the court, while not perhaps in any material way prejudicial to the plaintiff, was erroneous in both its parts.

The allegations of the expunged paragraphs were not so clearly irrelevant that they should have been stricken out. *Freeman's Appeal*, 71 Conn. 708. They formed such a part of the history of the affair which occasioned the plaintiff's claimed injury, that the plaintiff was fairly entitled to incorporate them in his complaint if he chose to do so.

The complaint, after reciting the acts of the defendant complained of, contained as paragraph twenty-four the following: "Said injury to the plaintiff was caused by the default and negligence of the defendant corporation in forcing plaintiff to leave a car in which he had a seat, and forcing him in order to reach his destination to find passage in a car already filled, in starting said car before plaintiff had found a place therein, and in allowing said car to strike forcibly upon the switch so as to cause the plaintiff to be thrown from said last-mentioned car." The demurrer ran to the first portion of this paragraph, down to and including the word "filled."

If we understand correctly the theory of the defendant in demurring and of the court in sustaining the demurrer, it was that the allegations were demurrable because, as a matter of law, negligence could not be predicated upon the particular things therein alleged as constituting the defendant's negligence. The difficulty with this contention is that the plaintiff did not predicate its negligence upon those allegations alone. He predicated it upon those allegations taken in con-

Hill *v*. Fair Haven & W. R. Co.

nection with other things—with other things directly connected therewith.

Underlying the action of the defendant in filing its first two demurrers in this case, and of the court in sustaining them, is distinctly to be recognized a mistaken notion as to the right to demur to a paragraph, or a portion of a paragraph, of a pleading, for insufficiency. Ordinarily it is only in those rare cases where a pleading consists of one paragraph, or one essential paragraph, that it can be said of a single paragraph, that it is an insufficient statement of a cause of action, ground of defense, or reply. Paragraphs are rarely intended to be sufficient in that sense. They are only convenient subdivisions of that larger and more comprehensive statement, which the rules of good pleading require to embody the essential allegations of fact which lead to a legal conclusion sufficient for the purpose of the pleader. In this sense, which is the strictly correct sense, an entire pleading may be insufficient: a part less than the essential whole, rarely.

The term " insufficiency " used in a looser sense as synonymous with immateriality or irrelevancy, is, however, occasionally met with in our practice, as applied to a part of a pleading. In this sense a portion of a pleading is not insufficient if, taken in connection with the facts with which it is pleaded, it tends to the making of a sufficient statement taken in its entirety. If the entire statement is insufficient for its purpose, it should be demurred to as a whole. If it is sufficient, every part of it which is relevant and material to the story of the whole is sufficient. It would conduce greatly to clearer conceptions upon this subject if there was a strict adherence to a correct use of terms, and " relevancy " and " materiality " were employed whenever the inquiry is as to the performance by a selected portion of a pleading of a valuable office in the place which it occupies, and its right, therefore, to that place; and "sufficiency" employed whenever the inquiry is as to the legal sufficiency for its purpose of the pleading demurred to. If the defendant's first demurrer had employed this terminology, the real issue presented by it would not have been as much obscured as it appears to have been.

The first demurrer having been successful in its attack, the plaintiff amended his complaint by inserting the words "improperly and negligently," to characterize the several acts complained of, and in one or two other minor particulars.

The complaint was still a good one. The defendant evidently continued to so regard it, since it did not venture to demur to it in its entirety. Instead, it demurred to the five paragraphs which alleged the negligent acts complained of, and for the same reasons contained in the first demurrer, to wit, that the matters therein alleged were irrelevant and did not constitute negligence. This demurrer reached the vital part of the complaint. The paragraphs in question recited certain acts as done by the defendant whereby the plaintiff was injured, and alleged that these acts were improperly and negligently done. Upon the strength of these acts so done, the complaint charged negligence. The action of the court in sustaining this demurrer was clearly erroneous. The facts recited were neither irrelevant nor immaterial. In connection with the other allegations with which they were joined, they tended to make a statement of a good cause of action. They in fact contained the very essence of a good complaint. Their purpose was to show the defendant's negligence. Clearly the court could not in this case say, as a matter of law, that negligence could not arise out of the acts alleged, when those acts were distinctly alleged to have been improperly and negligently done.

The defendant dissects the complaint into paragraphs and selects the five in question for separate analysis and demurrer. As each act therein alleged is characterized by the words "improperly and negligently," it seems to be assumed that each purports to contain a statement of actionable negligence which must be complete and adequate in itself. It is also assumed and asserted that the use of these qualifying adverbs imports into the pleading so many statements of conclusions of law —statements which are ineffectual unless accompanied by allegations of fact showing wherein the negligence consisted, and disclosing negligence in fact. It is in this way that the defendant seeks to justify the demurrer.

Unfortunately for the result, these assumptions and contentions embody erroneous conceptions. In the first place the plaintiff has not, as we have already observed, attempted to predicate actionable negligence upon any single isolated act, although that act was improperly and negligently done. He predicates the actionable negligence upon which he relies, upon a course of improper and negligent conduct in the progress of which there were several acts, all improperly and negligently done, and all closely connected together and all together leading up to and culminating in the accident to the plaintiff. An allegation of negligence is not ordinarily an allegation of a conclusion of law. It cannot be, since the question of negligence is commonly one of mixed law and fact. It does not concern our present inquiry to decide to what extent, or under what circumstances, it may be necessary to support an allegation of negligence with a statement of the facts from which it is claimed to arise, in order to make a complaint safe under demurrer. We are dealing with more superficial and elemental questions. Negligence may consist not only in the doing of unlawful acts, but also in the negligent doing of acts otherwise lawful. It results from the simplest logic, that when the cause of action arises from the latter cause the pleader should be allowed to state the fact of negligent performance upon which he relies. In so doing he states simply a fact— a substantive, issuable fact. The pleader does not rely upon the act. The legal wrong does not arise from that, but from the color and character which the qualifying language gives to it. Such is the accepted rule. General allegations of negligence are allowable as qualifying an act otherwise not wrongful. Bliss on Code Pleading, § 211.

The final stage in the progress of the case grew out of a demurrer to the residue of the complaint. The anomalous situation thus presented of one demurrer following another of the same character, without an intervening amendment to the complaint, is one which suggests sundry reflections. Among them is the question whether the latter should be regarded, as the plaintiff regarded and expressed it, as a demurrer to the balance of the complaint not already successfully de-

murred to, or whether its filing should have been held to be a waiver of the former demurrer. We do not deem it necessary to decide this question, as the situation, we fancy, is not likely, in view of what we have said, to arise again. No more is it necessary to pursue the case further. Enough has been disclosed to make it clear that the action of the court below must be undone, and enough said to guide the progress of the pleadings aright at the next attempt.

There is error, the judgment of the Superior Court is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.