PHILOMENO SANMARCO *vs.* THE CITY OF NEW HAVEN AND THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

After a demurrer to the complaint has been sustained and final judgment has been rendered against the plaintiff upon his refusal to plead over, the complaint is no longer amendable.

In an action against a municipality to recover damages for personal injuries caused by ice and snow on a sidewalk, the only allegation in the complaint respecting notice to the city of the defect, was that the city "ought to have had notice" of the alleged unsafe, dangerous and defective condition. *Held* that the averment quoted did not allege a fact, nor was it equivalent to an allegation that the defect had subsisted for such a length of time as to charge the city with constructive notice of its existence; and therefore that the demurrer upon this ground, irrespective of any others, was properly sustained.

Argued January 18th—decided January 29th, 1924.

ACTION to recover damages for personal injuries alleged to have been caused by ice and snow covering a

sidewalk upon a bridge which formed part of the surface of a highway in the defendant city, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.*, upon demurrers to the complaint filed by the respective defendants; the court sustained each demurrer and, upon the refusal of the plaintiff to plead over, rendered judgment for the defendants, from which the plaintiff appealed. *No error.*

Afterward the appellant withdrew her appeal as against the defendant Railroad Company.

*Joseph V. Esposito*, for the appellant (plaintiff).

*Thomas R. Robinson* and *Vincent P. Dooley*, for the appellee (defendant City of New Haven).

PER CURIAM. The appeal is based upon the sustaining of the demurrer. There were four grounds of demurrer. Since the second is well taken and conclusive of the cause set up in the complaint, and the complaint is not now amendable because the plaintiff refused to plead over after the sustaining of the demurrer, we purpose confining our review of the ruling to this single ground. *Lewisohn* v. *Stoddard*, 78 Conn. 575, 605, 63 Atl. 621.

The second ground of demurrer is that there is no allegation in the complaint that the defendant city had actual notice of the defect, or that the defect had existed for such a length of time as to charge the city with constructive notice of it. The plaintiff does not contend that the complaint charges actual notice to the city. She does contend that its allegation that the city ought to have had notice of the defect is an adequate allegation of constructive notice. Alleging that the city ought to have had notice does not allege a fact, and is not the equivalent of an allegation that the defect had

existed for such time as to charge the city with constructive notice of its existence. Our law is definite upon this point, and has been so frequently stated in the opinions of the court that we refrain from restating it and merely cite some of the cases which fully sustain ground two of the demurrer. *Smith* v. *Milford,* 89 Conn. 24, 33, 92 Atl. 675; *Crotty* v. *Danbury,* 79 Conn. 379, 385, 65 Atl. 147; *Dean* v. *Sharon,* 72 Conn. 667, 672, 45 Atl. 963; *Davis* v. *Guilford,* 55 Conn. 351, 357, 11 Atl. 350; *Boucher* v. *New Haven,* 40 Conn. 456, 460; *Manchester* v. *Hartford,* 30 Conn. 118, 121.

There is no error.