## FLORA COHEN

vs.

## METROPOLITAN LIFE INSURANCE CO.

Superior Court    New Haven County        File #44549

Present:  Hon. EDWIN C. DICKENSON, Judge.

Nelson Harris;

Philip Pond,                        Attorneys for the Plaintiff.

Wiggin & Dana,                   Attorneys for the Defendant.

### MEMORANDUM FILED NOVEMBER 28, 1936.

DICKENSON, J.  The complaint sets up a continuous policy with the premiums paid to date of death.  It is the defendant who first refers to a lapse and application for reinstatement.  In paragraph 9 of the answer the defendant alleges the plaintiff "made written application" for reinstatement.  In reply to this (para. 1 of the "Amendment to Reply" [a substituted reply]) the plaintiff denies 9 of the Answer "for the reason that by the acceptance and retention of the check" (for $207.20) "and by the acts and conduct of its agent and the defendant" the policy was reinstated.  In paragraph 2 of the Reply the plaintiff admits her insured signed a blank application for reinstatement.  In paragraph 5 she denies again, that the policy ever lapsed.

In the Rejoinder the defendant sets up again an alleged written application for reinstatement by the decedent insured claiming it to have been ineffective for various reasons.

In the Surrejoinder the plaintiff again denies the making of any written application for reinstatement referring again to the signing of an application in blank.

To this the defendant demurs on the ground that this allegation taken in conjunction with the policy shows there was no reinstatement.

But a demurrer must run to a complete cause of action or defense. "The legal sufficiency of certain paragraphs of a defense can be determined only by considering them in connection with others which are denied." **Bissell vs. Butterworth et al, 97 Conn., 605.** Separate paragraphs relevant to the cause of action cannot be carved away by successive demurrers. **Hill vs. Fair Haven & W. R. Co., 75 Conn., 177.** The plaintiff's original cause of action, as has been stated, was an unlapsed policy. Denying throughout her pleadings that it lapsed she replies with seeming inconsistency that it was in fact reinstated in her Reply and Surrejoinder. This is a separate cause of action, however, as the pleadings now stand, and must be attacked as such. Her claim of reinstatement is based not alone upon the paragraph in the surrejoinder attacked by the demurrer but on various other claims contained in the reply. To sustain the demurrer would be to leave the claim of reinstatement still in the case.

The demurrer is overruled.