## JULIUS FARGOT
### vs.
## GREAT ATLANTIC & PACIFIC TEA CO., ET AL.

Superior Court     New Haven County     File #50023

Present: Hon. EARNEST C. SIMPSON, Judge.

William J. Kennedy,     Attorney for the Plaintiff.

Chambers & Hesselmeyer;
Watrous, Hewitt,
   Gumbart & Corbin,     Attorneys for the Defendants.

MEMORANDUM FILED MARCH 1, 1937.

SIMPSON, J. It appears in this action that the plaintiff

was a boarder in the home of the defendant, Mary Fitzpatrick. That Mary Fitzpatrick purchased a package of cream cheese from the Great Atlantic & Pacific Tea Company, hereinafter referred to as the Tea Company. That the cream cheese was put up by the Brookfield Creamery (not a defendant) under a label of the defendant, Swift & Company, and that Swift & Company sold the cheese to the Tea Company and that Mary Fitzpatrick purchased the cheese at the instance and request of the Tea Company. That the plaintiff, when attempting to eat the cheese in the home of Mary Fitzpatrick, was injured by a nail embedded therein causing serious injuries.

The complaint sets up two causes of action against the Tea Company, viz (1) that it, through its servants and agents "failed to use due care and proper care and were grossly negligent in allowing said nail to become embedded and remain" in the cheese; (2) that the Tea Company warranted to the defendant Mary Fitzpatrick that the cheese was pure and wholesome and free from foreign substances, and fit for home consumption.

The defendant Tea Company demurs to the first cause of action in substance because it does not appear that the plaintiff (sic defendant) owed the defendant (sic plaintiff) any duty or obligation which was breached; that the allegations of negligence are conclusions and not supported by the facts alleged, and that it appears that some other party than the Tea Company manufactured and packaged the cheese.

It demurs to the second cause of action because it appears that there was no contractual privity between the plaintiff and the Tea Company.

The Court will first consider the ground of demurrer to the claimed breach of warranty.

Warranty, either express or implied, has for its inception a contract between the parties. If there is no contract, either express or implied, there is no warranty. This is the general rule. If this plaintiff does not come within some exception to this rule of law then there is no warranty between the Tea Company and this plaintiff. The Court has been unable to find, nor has it been cited any case or authority which sustains plaintiff's claim. The authorities to the contrary are too numerous to attempt to cite them all. Some of the cases are the following: thus in **Welshausen vs. Parker Company, 83 Conn.**

231, a sub-vendee of a gun has no cause of action against the maker upon the warranty; in **Gearing vs. Berkson, 223 Mass. 257,** a wife had no cause of action or warranty when she had bought pork as the agent of her husband, although the husband had such a cause of action, and although both were made sick (trichinosis) from eating the pork; in **Redmond vs. Borden Farm Products, Inc., 245 N.Y. 512,** an infant daughter has no cause of action on warranty when purchase of milk was made by the mother; in **Bourcheix vs. Willow Brook Dairy, Inc., 268 N.Y. 1,** the Court held that implied warranty in respect to food inures only to the benefit of the purchaser. See also **55 C.J. (sales) p. 665, section 679,** where the rule is stated and similar cases cited in Federal and State courts. The case of **Burkhart, Admr. vs. Armour & Co., 115 Conn. 249,** cited by plaintiff does not support his contention. In that case it appears that the corned beef which was the occasion of the decedent's death, was purchased by decedent's daughter for the decedent. There the privity of contract existed. The same is true in the other cases cited by the plaintiff, namely, **Race vs. Krum, 222 N.Y. 410; Chapman vs. Roggankamp, 182 Ill. App. 117; Park vs. C. C. Yost Pie Co., 93 Kansas, 334.** In each of these cases it appears that the food was purchased by the plaintiff or the plaintiff's agent and that hence a privity of contract existed. It may be that the contract of privity in sale of food for home consumption should be extended in some way to include the ultimate consumer. If it should be, it would be more of a legislative than a judicial function.

In view of all the well considered authorities on the subject the Court holds that as there was no privity of contract between this plaintiff and the Tea Company there was no implied warranty, and sustains the demurrer to the action for the breach of warranty.

The first cause of action is based upon negligence. In tort no privity of the parties is necessary. One committing a tort is liable in damages to any one who in the exercise of due care is proximately injured thereby. To this extent the Tea Company owed a duty to all who might be injured by its negligence. The demurrer therefore merely raises the question of whether or not sufficient allegations of negligence appear in in the complaint. The Court cannot in considering this question consider further the question whether the allegations of negligence are probably true and can be proved.

The allegations of negligence are that the Tea Company, its agents, servants and employees "failed to use due and proper care and were grossly negligent in allowing said nail to become embedded and remain" in the cheese.

In the case of **O'Keefe vs. Box Co., 66 Conn.** 38, 44, the Court said repeated (general) allegations of negligence "are of no avail unless supported by averments of facts sufficient to show in what manner the defendant failed to perform its obligation to the plaintiff." And in **Hill vs. Railroad, 75 Conn. 177,** the Court held that acts of defendant, in themselves lawful, averred to have been "improperly and negligently" performed not to be demurrable as conclusions of law. "General allegations of negligence are allowable to qualify acts not otherwise wrongful." The allegations in plaintiff's complaint meets the test stated in these cases. The allegations in effect are that this defendant, through its agents and servants, allowed a nail to become embedded and remain in the cheese through their failure to use due and proper care and were negligent in so doing. This points out the manner in which it is claimed that this defendant failed to perform its obligation toward those who might use the cheese, and is good as against a demurrer.

The demurrer is sustained as to the cause of action based on warranty and overruled as to the cause of action sounding in negligence.