JOSHUA M. DIDRIKSEN v. FRANK HAVENS ET AL

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 72523

Memorandum filed December 5, 1946.

*Benjamin F. Goldman,* of New Haven, for the Plaintiff.

*Cressy, Bartram, Melvin & Sherwood,* of Stamford, for the Defendants.

KING, J. This is an action for the specific performance of a claimed option to purchase realty. The original lease was in writing, carefully described the premises involved, ran for the term of one year from March 1, 1938, to March 1, 1939, and fixed the annual rental at $960, payable in monthly installments of $80 each.

In addition to the terms of the lease proper, the two following provisions were inserted, hereinafter referred to, respectively, as the renewal clause and the option clause:

"And it is further agreed that the Lesee shall have the privilege of renewing this lease for one year from the date of the expiration thereof, at the same price, terms and conditions therein contained.

"Said lessors further covenant, as part of the considerations herein contained, that they do hereby grant to the Lessee the option to purchase the premises hereby leased, at a price not to exceed the sum of . . . $12,500 . . ."

It is alleged in paragraph 5 that the lease was annually renewed on the same terms and conditions, the last renewal being dated January 11, 1946. Upon motion of the defendants, the plaintiff made paragraph 5 more specific by filing copies of the instruments claimed to constitute renewals. It is obvious that these were not actually "renewals", since there was no complete lease other than the original. At most they were extensions. *Carrano* v. *Shoor,* 118 Conn. 86, 93. In paragraph 6 it is alleged that the lessee (plaintiff) made certain repairs, alter-

ations and improvements because of his intention to purchase the property.

Both parties filed excellent briefs in support of their respective claims as to the substantive law of the care. But the plaintiff also makes the claim that the defendants' demurrer is fatally defective because it does not attack an entire cause of action. The defendants, on page 3 of their trial brief, describe their demurrer as limited to an attack on "the legal sufficiency under the Statute of Frauds of any written documents upon which plaintiff's case is predicated. A demurrer to plaintiff's whole cause of action is not contemplated; for it is appreciated that certain acts of part performance are alleged therein, the legal effect of which might bring his case out of the Statute of Frauds. Defendants here wish to raise and have determined the matter of the legal sufficiency of the written documents at the outset of the trial, a matter which is properly the subject of a limited demurrer."

Thus it appears that the claim of the defendants is that, although there is but one "whole cause of action," in some way it may be subdivided into two parts, one based upon the written documents alone and the other upon acts of part performance (paragraph 6 of complaint) and that the demurrer may properly be limited to an attack on the first of these two parts of the single cause of action. If each is a separate cause of action, then the defendants are correct in their contention. Practice Book, p. 257, Form No. 347; Id., § 97; *Donovan* v. *Davis,* 85 Conn. 394, 397. . . . ; *New Milford Security Co.* v. *Windham County National Bank,* 90 Conn. 323, 341 (dis.).

In fact there is here but one cause of action, the action for specific performance of the claimed option contract. Acts of part performance are to be considered inconjunction with the written documents. *Jacobson* v. *Hendricks,* 83 Conn. 120, 124. These acts cannot be ignored and the plaintiff forced to attempt to make out a case on the written documents considered separately and alone regardless of acts of part performance. Ibid.; *Hill* v. *Fair Haven and Westville Railroad Co.,* 75 Conn. 177. The plaintiff is seeking specific performance of an entire option contract, however proven, not specific performance of the written portions of it considered alone. *Jacobson* v. *Hendricks,* supra, 127.

For the foregoing reasons the demurrer is overruled on all grounds.