[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#101.00)
ISSUES
(1) Has the plaintiff stated a cause of action in his first count under Conn. Gen. Stat. 13a-149, the defective highway statute?
(2) Are plaintiff's second and third counts claiming negligence barred by the defense of governmental immunity?
The Plaintiff's first count states a cause of action under Conn. Gen. Stat. 13a-149. The determination of whether governmental immunity bars the plaintiff's negligence claims in the second and third count involves a question of fact which is not properly decided on a motion to strike. Accordingly, defendants' motion to strike the plaintiff's complaint is denied.
This negligence action arose as a result of a slip and fall incident which occurred on a paved roadway within Cove Island Park, Stamford, Connecticut. The plaintiff, James Condito, brought his complaint in three counts against the City of Stamford and Robert Neu, the director of Parks and Recreation.
The plaintiff alleges that "Cove Island Park contains a paved roadway traversing the length of said park which is a designated walkway for persons visiting the park" and that he fell on "ice which had accumulated in a depression in such walkway" and suffered injuries serious and permanent in nature. The plaintiff further alleges that the city has a statutory duty to maintain its roadways, including the roadway at Cove Island Park.
Count one is brought against the City of Stamford pursuant to Conn. Gen. Stat. 13a-149, damages for injuries by means of defective roads and bridges. Count two is brought against Robert Neu, and recites facts alleging negligence in the construction and maintenance of the paved roadway/walkway. Count three seeks to impute Neu's negligence onto the City of Stamford. Defendants move to strike the plaintiff's complaint on the grounds that, as to count one, a walkway within a park is not within the scope of Conn. Gen. Stat. 13a-149; as to counts two and three the defendant asserts that the plaintiff's claims are barred by the doctrine of governmental immunity.
A motion to strike challenges the legal sufficiency of a pleading. Conn. Practice Bk. 152 (1990). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the CT Page 3845 pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The court "must take the facts to be those alleged in the complaint . . . and must construe the complaint in the manner most favorable to the pleader.' Blancato v. Feldspar Corporation,203 Conn. 34, 36 (1987). If facts provable under the allegations would support a cause of action, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138, 142
(1989).
Count One
Conn. Gen. Stat. 13a-149 imposes liability on municipalities for injuries or damages caused by defective highways, bridges or sidewalks. Ryszkiewicz v. City of New Britain, 193 Conn. 589, 593-94 (1984). The liability of the defendant under the statute is purely for breach of a statutory duty and does not arise from negligence. Lamb v. Burns,202 Conn. 158, 175 (1987). The statute provides an exception to the governmental immunity rule and as such must be strictly construed. Zotta v. Burns, 8 Conn. App. 169, 173 (1986).
 Sec. 13a-149. Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby.
The defendants argue that a walkway within a park is not within the scope of Conn. Gen. Stat. 13a-149.
The defendants have cited New Haven v. United Illuminating Co., 168 Conn. 478, 485 (1975) which dealt with another statute, as being analogous to the instant case. In United Illuminating Co., the court concluded that a railroad right of way was not CT Page 3846 included in the meaning of "highway" under Conn. Gen. Stat.16-234 (rights of adjoining proprietors-requiring certain procedures before utility companies erect poles, wires, etc.). The defendants further argue that while Conn. Gen. Stat.13a-149, the statute under which the case is brought, refers to "roads," that the statute's scope often refers to "highways;" the defendant states that since the walkway within the park is not a highway, the complaint should be stricken as a matter of law.
The plaintiff argues that the determinative criteria of whether Conn. Gen. Stat. 13a-149 could be construed to impose liability upon the City of Stamford for a defective condition existing on a roadway/walkway within a city park, is "which party has exclusive supervision and control of the roadway/walkway." The plaintiff cites to Hornyak v. Town of Fairfield, 135 Conn. 619 (1949).
 A town is not liable for highway defects unless made so by statute. (citation omitted). Section [13-149] imposing liability for such injuries reads in part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ." The word "road" as used in the statute has usually been construed to include a sidewalk. Manchester v. Hartford, 30 Conn. 118, 121. The statute imposes no liability on towns eo nomine. It imposes liability on the "party bound to keep it in repair." (citation omitted) (emphasis added).
Id. at 621. The plaintiff alleges, inter alia, in count one of his complaint that: the defendant City was the owner and operator of the land and facilities known as Cove Island Park; that the defendant had a statutory duty pursuant to Conn. Gen. Stat. 31a-149 to keep and maintain the sidewalks, walkways and roadways at Cove Island Park in a reasonably safe condition; and that the plaintiff's injuries and damages were caused by the defendant's breach of that statutory duty.
It is found that the plaintiff has alleged sufficient facts to state a cause of action under Conn. Gen. Stat.13a-149, and that the determination of whether the defendant did, in fact, have a duty to maintain this particular walkway is not before the court at this stage of the pleadings. Accordingly, the defendant's motion to strike count one is denied.
Counts Two and Three CT Page 3847
The defendants argue that counts two and three are barred by the doctrine of governmental immunity in that the Director of Parks and Recreation is a supervisory position involving the exercise of discretion, that any duty of the defendants was public rather than private, and that the plaintiff was not an identifiable victim. The plaintiff argues that defendant Neu does not enjoy governmental immunity because his duties were non-discretionary and that Conn. Gen. Stat. 13a-149 creates a statutory exception to the public duty rule which generally shields municipal employees from liability for acts or omissions occurring in the course of their official duties.
As to the second part of plaintiff's argument, it is noted that counts two and three are not brought pursuant to Conn. Gen. Stat. 13a-149. Therefore, it is found that that statutory exception to governmental immunity is inapplicable to these counts.
"Municipalities do, in certain circumstances, have governmental immunity from liability." Murphy v. Ives,151 Conn. 259, 264 (1963). A municipality is immune from liability for the performance of governmental (discretionary) acts as distinguished from ministerial acts. Evon v. Andrews, 211 Conn. 501,505 (1989). "Under most circumstances . . . the defense [of governmental immunity] is like those that require pleading as a special defense under Practice Book 164 (citations omitted) . . . . Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded. (citations omitted)." Gauvin v. New Haven, 187 Conn. 190,184-85 (1982).
The threshold inquiry in the area of municipal liability is deciding whether the official acts are ministerial or governmental. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,165 (1988). Whether the act complained of is governmental or ministerial is a question of fact. Gordon supra at 165. If the act is mandated by rule of law or by statute, it is likely to be ministerial. Shore v. Stongington, 187 Conn. 147, 153
(1982). Only when a complaint contains sufficient allegations that it can be determined, as a matter of law, that the municipality was engaged in the performance of a governmental function, a claim for governmental immunity may be raised on a motion to strike. See Evon v. Anderson, 211 Conn. 501 (1989); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988).
"[T]he plaintiffs [should be] allowed an opportunity to prove that the acts or omissions which led to the injuries to the . . . plaintiff were ministerial and not discretionary or CT Page 3848 supervisory." Tango v. City of New Haven, 173 Conn. 203, 206
(1977).
The plaintiff's complaint does not contain allegations sufficient for the court to determine, as a matter of law, whether the defendant was engaged in the performance of a governmental or a ministerial function. Consequently, the defendant's motion to strike counts two and three is denied.
KARAZIN, JUDGE