[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action for damages claiming injuries from a fall on a waiting platform at the Stamford Transportation Center, (railroad station), the City of Stamford moves for summary judgment on the grounds that the waiting platform is not a "highway" within the meaning of Connecticut General Statutes13a-149, and alternatively, if the platform is deemed to be a highway, the City is not the party "bound to keep it in repair" as required for municipal liability under the statute. Because the first ground is dispositive, there is no need to reach the alternate ground.
The plaintiff responds that he has alleged that the platform is a City sidewalk and is therefore part of a City street or highway. He submits a photograph showing the platform immediately adjacent to the railroad roadbed and argues that (a) because the platform is open to public use, it is part of a highway, (b) a railroad track is a "road" within the meaning of the statute and (c) that a portion of the transportation center crosses over Washington Blvd., a city street and therefore the platform is part of a "bridge" within the meaning of the statute.
Viewing the evidence in a light most favorable to the plaintiff, Strada v. Connecticut Newspapers Inc., 193 Conn. 313, none of the allegations or arguments raise any genuine issue as to any material fact and thus the City is entitled to judgment as a matter of law.
The defendant has made numerous statutory arguments to support its definition of "highway" which of course is and has been for many years, the judicially adopted term for "road" as used in the statute, Hornyak v. Fairfield, 135 Conn. 619. Such term has been held to include a sidewalk, Manchester v. Hartford, 30 Conn. 118, 121. But this court need go no further than Laufer v. Bridgeport Traction Co., 68 Conn. 475, 488 to learn that the singular distinctive feature of a highway is that "every traveler has an equal right in it with every other traveler."
Not only is there no documentary evidence that this waiting platform is adjacent to a public highway, but by its very nature and function it does not fit the definition of a sidewalk because the general public clearly does not have a right to use it equal to that of a commuter. The plaintiff's theory would for instance, convert to highway status the entrance to the public library or a hiking trail in a public park.
The plaintiff's second argument, that a railroad is a "road" and therefore a highway, was rejected in New Haven v. CT Page 6898 United Aluminating Co., 168 Conn. 478. The plaintiff's final theory that because a portion of the transportation center's structure spans a city street it is a bridge within the meaning of the statute, not only is unsupported in law, but is unnourished by common sense.
The defendant's motion is granted.
MOTTOLESE, J.