[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Judith Walters, the plaintiff herein, brings this action CT Page 9595 against the City of Waterbury, claiming that she "fell into a large pothole" on a city sidewalk and sustained various injuries. Her revised complaint is in two counts. The first count alleges that the City "had a duty to repair and maintain the area of this fall, pursuant to Connecticut General Statutes Sec. 13a-149 and13a-99." It further alleges that:
 The defendant breached this duty . . . in that
 a. it failed to warn the plaintiff of the aforesaid condition;
 b. it failed to make a reasonable inspection;
 c. it failed to correct and/or maintain said sidewalk's condition;
 d. it failed to erect barriers and/or warning signs; and
 e. it failed to properly illuminate said area.
The second count makes the same factual allegations but claims common law negligence.
The City has filed a motion to strike both counts. As to the first count, it claims both that that count's partial reliance on Conn. Gen. Stat. Sec. 13a-99 is misplaced since Sec. 13a-149 is the exclusive remedy against a municipality for injuries caused by a highway defect and that that count fails to allege that the City had actual or constructive knowledge of the defect. As to the second count, the City repeats its initial argument against the first count that Sec. 13a-149 provides the plaintiff's exclusive remedy. For the reasons discussed below, the motion to strike must be granted in its entirely.
The City's argument that Sec. 13a-149 preempts the field is conclusively established by Sanzone v. Board of Police Commissioners, 219 Conn. 179, 592 A.2d 912 (1991). In Sanzone, the Connecticut Supreme Court construed Conn. Gen. Stat. Sec.52-557n "to provide that an action under the highway defect statute, Sec. 13a-149, is a plaintiff's exclusive remedy against a municipality . . . `for damages resulting from injury to any person or property by means of a defective road or bridge.'" Id. at 192 (quoting Sec. 52-577n(a)(1)(C)). This holding is as clear as a holding can be. At oral argument, the plaintiff claimed that Sanzone does not apply here because that case concerned a road and CT Page 9596 this case concerns a sidewalk, but the statutory term "road" has been construed to include "sidewalks" since Manchester v. City of Hartford, 30 Conn. 118 (1861). See Hornyak v. Town of Fairfield,135 Conn. 619, 621, 67 A.2d 562 (1949). (The defective road statute, Sec. 13a-149, was first enacted in 1672 when sidewalks were nonexistent, and everyone walked on the road.) Indeed, if "road" did not include "sidewalks" the plaintiff could hardly bring her claim under Sec. 13a-149 in the first place.
It is clear from this that the second count, claiming common law negligence, must be stricken in its entirety, just like the negligence count in Sanzone. See 219 Conn. at 182. For the same reason, that part of the first count relying on Sec. 13a-99 is preempted as well. This would not ordinarily be fatal to the first count if that count's Sec. 13a-149 claim were good, since a Sec. 13a-149 claim is, if properly phrased, entirely appropriate under these circumstances. If the Sec. 13a-149 claim were good, the first count would contain a legally sufficient allegation and would consequently survive a motion to strike. See Hill v. Fair Haven Westville Railroad Co., 75 Conn. 177, 180, 52 A. 725
(1902). The Sec. 13a-149 claim here, however, is fatally flawed, for it contains no allegation that the City had or ought to have had notice of the defect which caused the plaintiff's injuries.
The plaintiff argues that "a careful reading" of her allegations (quoted in full above) concerning the City's failure to warn, inspect, and correct "clearly gives rise to the unmistakable inference that the defendants had or should have had knowledge of the defect in question." Memorandum of law at 2. This alleged inference does not appear "unmistakable" to the court, for a city can "fail" to warn of, inspect, and correct a constellation of defects of which it has no actual or constructive knowledge. This exercise in logic aside, however, it is clearly established that "[a]lleging that the city ought to have had notice does not allege a fact, and is not the equivalent of an allegation that the defect had existed for such time as to charge the city with constructive notice of its existence." SanMarco v. City of New Haven, 100 Conn. 289, 290-91, 123 A. 439 (1924). It is not enough to state the underlying grounds for an "unmistakable inference" of notice. Notice itself must be alleged. Since it has not been alleged here, the motion to strike is well taken. Id.
The motion to strike both counts of the revised complaint is granted.
JON C. BLUE, J. CT Page 9597