[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The City of Middletown has moved for summary judgment as to the plaintiff's claim that the City is liable to her for injuries allegedly sustained in a parking lot located at a public rest area between exits 19 and 20 on Interstate Route 91.
The plaintiff's sole cause of action against the City is, she concedes, based on I Connecticut General Statutes § 13a-149, which provides that "[a]ny person injured in person or i property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."
Summary judgment is rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the non-existence of any genuine dispute as to any material fact.Peerless Insurance Co., v. Gonzalez, 241 Conn. 476, 481 (1997). The movant must show that it is quite clear what the truth is as to the material facts and that the trier of fact could not CT Page 9326 reasonably reach any other conclusion. Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751-52 (1995).
In her memorandum in opposition to the motion for summary judgment, the plaintiff asserts that she fell in a parking lot in the rest area. She acknowledges that her action is brought pursuant to Connecticut General Statutes § 13a-149. The right of recovery defined in that statute is limited to injuries suffered "by means of a defective road or bridge" that a municipality is "bound to repair."
On its face, § 13a-149 does not waive municipal immunity with regard to injuries suffered in parking lots. While the scope of the statute has been recognized as encompassing sidewalks as part of the "roadway." Hornyak v. Fairfield, 135 Conn. 619, 621
(1949); Manchester v. Hartford, 30 Conn. 118, 121 (1861), municipality is not liable for defects as to other areas unless made so by statute. Beardsley v. Hartford, 50 Conn. 529, 537
(1883).
The courts of this state have not held that a parking lot is a "road" with the meaning of § 13a-149. Several trial judges have, in fact, ruled that a fall in a municipal parking lot is not within the scope of § 13a-149. See Paternoster v. Town ofStratford, Docket No. 91-286761, 8 CONN. L. RPTR. 24 (J.D. Fairfield 11/24/92) (Leheny, J.); Rotella v. City of Waterbury, 4 CSCR 544
(5/31/89) (Langenbach, J.).
Statutes that abrogate or modify governmental immunity are to be strictly construed. Rawling v. New Haven, 206 Conn. 100, 105
(1988); Struckman v. Burns, 205 Conn. 542, 558 (1987). Section13a-149 does not explicitly provide for municipal liability for injuries or losses arising from defects in parking lots; and strict construction does not allow the term "road" to be interpreted to mean "parking lot".
The Connecticut Supreme Court has rebuffed an attempt to expand statutory references to roads or highways to cover other areas. In Amore v. Frankel, 228 Conn. 358 (1994), a plaintiff who had fallen on a driveway on the campus of the University of Connecticut invoked Connecticut General Statutes § 13a-144, which allows claims for injuries "by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair." The Supreme Court ruled that the driveway was not part of the state highway CT Page 9327 system regardless of whether the state had undertaken its maintenance and repair, and affirmed the trial court's granting of a motion to strike the plaintiff's cause of action.
CONCLUSION
The undisputed fact is that the plaintiff's alleged injury took place in a parking lot. As a matter of law, that location is not within the scope of the exception to municipal immunity defined in § 13a-149, the statute relied upon by the plaintiff. Accordingly, the motion for summary judgment of the defendant City of Middletown is granted.
HODGSON, J.